DEMAREST, TREASURER SCHOOL CITY OF ELKHART, *v.* HOLDEMAN ET AL.

[No. 19,512.    Filed November 26, 1901.]

PLEADING.—*Multifariousness.—Parties.—Equity.*—In 1897 the county auditor made a distribution of the common school fund and the county treasurer obtained possession of the orders for the amount apportioned plaintiff school city, marked the orders paid, and canceled them and filed them with the county auditor. The county treasurer claims that he deposited the money in a certain bank which was authorized by the treasurer of the school board to accept and receipt for such funds. The bank accounted for a part thereof, but claimed $5,900 of the money was not deposited with it, but was used by the treasurer in paying a county loan. Mandamus was brought against the county treasurer's successor to compel him to pay over said balance, but he answered that the canceled orders were on file showing the payment thereof, which the Supreme Court held was a good answer. Plaintiff then demanded that the county auditor sue such treasurer on his bond for said sum, but this the auditor refused to do, and thereafter the county commissioners compromised with the treasurer's bondsmen for other defalcations of such treasurer, not including the claim in suit, and released them from all liability, whereupon the treasurer of the school city brought suit against the county treasurer and his bondsmen and successors in office, the county auditor, the county commissioners and the bank. *Held,* that the complaint under §269 Burns 1901, which is a substantial reënactment of the rules governing pleadings in chancery, was not bad for multifariousness. *pp. 468-476.*

PLEADING.—*Multifariousness.*—*Parties.*—*Equity.*—Where the subject of the action has become so complicated and entangled that the rights of the parties are involved in doubt, and it is difficult to determine who is liable, and who is not, except upon a full hearing in which all the persons in any way affected or interested are before the court, equity permits the joinder of all those so related to the controversy and who have a common interest in some one or more branches of it. *pp. 468-476.*

From Elkhart Circuit Court; *H. D. Wilson,* Judge.

Action by Melvin U. Demarest, treasurer of school city of Elkhart, against William H. Holdeman and others. From a judgment on demurrer to complaint, plaintiff appeals. *Reversed.*

*J. M. Van Fleet* and *V. W. Van Fleet,* for appellant.

*C. W. Miller, J. S. Drake, L. W. Vail, E. A. Dausman* and *J. H. State,* for appellees.

DOWLING, J.—This is an action to recover $5,900, with interest from June 2, 1897, from the appellees, or from some one or more of them, and to set aside the cancelation of certain warrants for school funds drawn by the auditor of Elkhart county in favor of one Finn, the predecessor of the appellant in the office of the treasurer of the school city of Elkhart. The court sustained the demurrers of the appellees to the complaint, and error is assigned upon these rulings.

The following is a summary of the complaint: The appellant is the treasurer of the school city of Elkhart, Indiana. In May, 1897, the auditor of Elkhart county made and entered of record in his office a correct distribution of moneys then in the treasury of said county to the school city of Elkhart, the amount so distributed being $15,194.67. Thereupon, the auditor, as it was his duty to do, made three orders on the county treasurer for said moneys, payable to one Edward Finn, who was then the treasurer of said school city, or bearer, amounting in the aggregate to the said sum of $15,194.67. The Elkhart National Bank was authorized

by Finn to receive from the county treasurer, and to receipt for, all moneys coming from such treasurer to said school city. On June 2, 1897, Holdeman, by his deputy, obtained the said orders from the auditor, and gave receipts for them signed "Ed. Finn by W. H. Holdeman." Holdeman claims that one Kerstetter, the cashier and general manager of the said Elkhart National Bank, authorized him to get said orders from the auditor, but said claim is denied by Kerstetter and the bank. After Holdeman obtained possession of the orders he paid upon them to the said Elkhart National Bank $9,294.67, and no more, leaving $5,900, which is yet unpaid. Holdeman, who was then the treasurer of said county, canceled all of said orders, by writing across the face of each: "Paid, June 3, 1897, W. H. Holdeman, treasurer of Elkhart county", and afterwards wrongfully filed them in the auditor's office among the paid and canceled orders. One Weaver succeeded Holdeman as county treasurer, and one Seiler succeeded Finn as treasurer of the school city; Seiler brought an action of mandamus against Weaver to compel him to pay over said balance of $5,900; pending said action, the appellee Wood succeeded Weaver as county treasurer, and was substituted as defendant in the said action; he answered that he found said orders canceled and filed away among the canceled and paid orders in the auditor's office; that his predecessors in office claimed that they were paid; that he had no personal knowledge of the matter, and could not safely pay any money upon them until it should first be determined by some competent tribunal that something was unpaid upon them. The Supreme Court decided that this was a good answer in bar of said action, and, as said answer was true in fact, said Seiler dismissed said suit. The appellant succeeded Seiler as treasurer of the school city of Elkhart, and is yet such treasurer. On the — day of June, 1900, he demanded of one Berkey, then and now the auditor of said county, that he, as such auditor, sue said Holdeman on his bond for the said sum of $5,900,

which remained unpaid. Holdeman being a defaulter, the board of commissioners of said county on May 18, 1898, ordered that suit be brought against him on all bonds given by him as treasurer, for the recovery of the balance due said county for county purposes. Suit was thereupon brought against Holdeman and his sureties, on his official bonds, for $25,000 due to said county for taxes and other moneys belonging to the general revenues of said Elkhart county. On November 1, 1898, this claim was compromised by the board of commissioners, Holdeman, and his sureties, in consideration of the payment of $14,000, which was agreed upon as a full and complete settlement of all demands of the county against Holdeman, and said sum of $14,000 was then paid into the county treasury by the sureties on Holdeman's bonds, viz., David W. Neidig, Alfred Lowry, Eliza C. Thomas, William D. Platter, Lou W. Vail, Henrietta Kolb, Charles W. Miller, Seth A. Jones, Walter Hazelton, John W. Fieldhouse, and Norman Sage, and the suit was dismissed. The Elkhart National Bank claims that Holdeman used the $5,900 in controversy in paying a loan for $10,000 made by him in the spring of 1897 for and on behalf of said county, but the board of commissioners of said county deny that said sum was used for said county. The balance of $5,900 due on the canceled orders was not included in the estimate of the defalcation of Holdeman, although the board of commissioners and the other county officers at the time knew that the school city was short on said orders to that amount. The appellant is unable to locate the said sum of $5,900, or to discover what became of it. The Elkhart National Bank was duly authorized to receive the said moneys, and Holdeman claims that he paid them to said bank, which the bank denies. Holdeman either paid this money to the bank, or converted it to his own use, or paid it upon a debt of said county, or paid it over to Weaver, his successor in the office of treasurer. Weaver asserts that he has no information as to what became of said

money except the statement of Holdeman that he paid it over to the bank; that if it was among the moneys received by him from Holdeman, he turned it over to his successor, Wood, which appellant does not doubt. No book in the treasurer's office of said county shows the payment of said money, and the only evidences of such payment are the orders which were canceled, as aforesaid, and filed in the auditor's office. On January 12, 1897, Holdeman, as principal, with Neidig, Miller, Vail, Platter, Lowry, and Eliza Thomas (since deceased) executed the bond of said Holdeman as treasurer of said county, and such bond was in full force when the said money was received by Holdeman as such treasurer, and is yet in force. All of the defendants are interested in this controversy, and are made parties so that they may be bound by the judgment setting aside the cancelation of said orders as to $5,900. The relief demanded is that the cancelation of said orders be vacated, that it be adjudged that $5,900 remains unpaid thereon, and that judgment for said $5,900 be rendered against the person or party found liable therefor.

The question is whether the complaint states a cause of action against any of the defendants. The situation, as described, is certainly an unusual one. The school city of Elkhart was entitled to $15,194.67 as its distributive share of the common school fund. This sum was placed in the hands of Holdeman, the county treasurer for Elkhart county, to be paid over to the school city of Elkhart. A portion of it was so paid. The school city alleges that $5,900 of the amount due to it was never received by said school city. Three warrants drawn by the auditor upon the treasurer were delivered by the auditor to the treasurer upon the receipt of the latter, as the agent of the treasurer of the board of trustees of the school city. These warrants were marked paid by Holdeman, the county treasurer, and were filed in the office of the auditor among the paid and canceled orders. Holdeman declares that he paid the whole $15,194.67 to

the Elkhart National Bank for the use and on the account of the school city of Elkhart. It is admitted that the bank was authorized to receive the money. The bank acknowledges that it received $9,294.67 from Holdeman, but it denies that it received the remainder. It asserts that Holdeman applied the $5,900 on a debt of the county. This is denied by the board of commissioners of the county. The books and records in the offices of the auditor and treasurer, which should contain full entries concerning this money, and the disposition made of it, show nothing. With the exception of the receipt for the three warrants, executed to the auditor by Holdeman as the agent of Finn, the treasurer of the school city, no receipt or voucher was given by any person for the missing $5,900. Other facts which have a tendency to complicate the situation still further are stated in the complaint, but the foregoing are sufficient for the purposes of this opinion.

Counsel for appellant contend that at law the remedy of the appellant is neither plain nor adequate; that, under the peculiar circumstances of this case, the appellant does not know whom to sue; that he has the right to make all persons interested in the controversy, or any part of it, defendants; that the complaint is not multifarious; that the court has jurisdiction of the whole subject, with the power to determine it; that one of the necessary steps in the proceeding is the vacation of the cancelation of the county orders, and that in this all of the appellees have an interest.

The position of the appellant is vigorously combated by the appellees, and it is insisted that no cause of action is stated against the appellees or against any one or more of them. On behalf of Holdeman and his sureties, it is urged that the complaint shows that he was released and discharged by the board of commissioners from all liability upon his official bonds. As to the auditor, Berkey, it is asserted that in refusing to institute suit on the official bond of Holdeman he did his duty, and that the fact that the

canceled orders were on file in his office fully justified such refusal. No case, it is said, is made against Wood, the present treasurer, because there is no averment that the money was left by Holdeman in the treasury, and that it passed to the hands of Holdeman's successors in office. It is not charged that the money was ever paid over to the Elkhart National Bank, and, therefore, that appellee is not liable. The complaint is also attacked upon the more general grounds that it is multifarious, that persons in no way connected with, or responsible for, each others acts, are joined as defendants; that the facts upon which the liability of each is supposed to rest are diverse and unconnected; and that the allegations of the complaint are not positive and certain, but are ambiguous, and made disjunctively.

The action is in the nature of a suit in equity, and the sufficiency of the complaint is to be determined according to the rules of chancery pleading. Section 269 of the code of civil pleading (Burns 1901) provides that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved. This section is substantially a reënactment of the rules governing pleadings in chancery, and they apply to all suits at law as well as in equity. *Bittinger* v. *Bell*, 65 Ind. 445.

In chancery, bills of discovery are allowed in cases where the complainant, for want of information, does not know which of several parties to sue, or where the circumstances are such that he is unable to determine which of several parties is liable to him. It has been held sufficient to sustain a bill against the charge of multifariousness, that each defendant has an interest in some one matter common to all the parties. And where the subject of the action has become so complicated and entangled that the rights of the parties are involved in doubt, and it is difficult to determine who is

liable, and who is not, except upon a full hearing in which all the persons in any way affected or interested are before the court, equity permits the joinder of all those so related to the controversy, and who have a common interest in some one or more branches of it. *Elmendorf* v. *Taylor,* 10 Wheat. 152; *Hoppock* v. *New Jersey R., etc., Co.,* 27 N. J. Eq. 286; *Randolph* v. *Daly,* 16 N. J. Eq. 313; *Buie* v. *Mechanics, etc., Assn.,* 74 N. C. 117; *Alexander* v. *Mercer,* 7 Ga. 549; *Kingsbury* v. *Flowers,* 65 Ala. 479, 39 Am. Rep. 14; *Board* v. *Deyoe,* 77 N. Y. 219; *Brinkerhoff* v. *Brown,* 6 Johns. Ch. 139; *Winter* v. *Smith,* 45 Ark. 549; *Gaines* v. *Chew,* 2 How. (U. S.) 619, 11 L. Ed. 402; *Barney* v. *Latham,* 103 U. S. 205, 26 L. Ed. 514; *Bank of Kentucky* v. *Schuylkill Bank,* 1 Parson's Eq. Cas. 180; *Chadbourne* v. *Coe,* 10 U. S. App. 78, 2 C. C. A. 327, 51 Fed. 479; *Williams* v. *Bankhead,* 19 Wall. 563, 22 L. Ed. 184; *Brown* v. *Guarantee Trust, etc., Co.,* 128 U. S. 403, 9 Sup. Ct. 127, 32 L. Ed. 468; 15 Ency. Pl. & Pr. 651; *Thatcher* v. *Humble,* 67 Ind. 444.

It is obvious from the statements of the complaint, all of which, so far as they are well pleaded, are admitted by the demurrer to be true, that the appellant has not a plain and adequate remedy at law. A multiplicity of actions against the appellees separately, tried by different courts, before different juries, might result in the total loss of the fund in controversy.

The question of the validity of the cancelation of the orders issued by the auditor to Finn, as treasurer of the school city, and alleged to have been obtained and marked paid by Holdeman, is one which must necessarily be decided in any action which might be brought by the appellant against any of the appellees. If these warrants were, in fact, paid to the school city of Elkhart, then no right of action exists against any of the appellees. All of the appellees are interested in defeating the vacation of the memorandum of payment, or cancelation of the orders. This, then,

is one point in which all the appellees seem to have a common interest.

The facts stated concerning Holdeman, and the persons who were the sureties on his official bond; the allegations in regard to appellee Berkey, the auditor of Elkhart county; the averments as to Wood, the treasurer of that county; the averments concerning the board of commissioners, and the statements as to the Elkhart National Bank, are, as we think, sufficient to require from all of these parties an answer or answers. If Holdeman received the money, and failed to pay it to the school city of Elkhart, then, if the facts stated in the complaint are true, he and his sureties may be liable for the amount wrongfully appropriated by him, notwithstanding any compromise made between Holdeman and his sureties and the county. If Holdeman got the money and embezzled it, the appellant had the right to demand that the auditor bring suit upon his bond for the use of the school city. §8650 Burns 1901; *Gauntt* v. *State, ex rel.,* 81 Ind. 137; *Taggart* v. *State, ex rel.,* 49 Ind. 42. The statute does not require that the auditor should obtain authority from the board of commissioners to bring the action. §7985 Burns 1901.

If the $5,900 was in the hands of Holdeman and was applied by him upon a debt of the county of Elkhart; or, if it was left by him in the treasury, and passed in the final settlement to his successor, and from him to the present treasurer, then the county, in the first case, and the present treasurer in the second, may be liable for the amount so used, or paid over. If Holdeman paid the moneys in controversy to the Elkhart National Bank, that appellee is liable to the appellant. The refusal of the auditor to bring the action against Holdeman and his sureties on the official bond of Holdeman probably authorized the appellant to bring this action in his own name at least for the purpose of ascertaining the amount due to him from Holdeman. As the complaint stated a cause of action against each of the several

appellees, and as they were properly joined as defendants in this suit, the demurrers to the complaint should have been overruled.

For the errors of the court in sustaining the several demurrers of the appellees, the judgment is reversed, with instructions to overrule the demurrers, and for further proceedings in conformity to this opinion.

Baker, J., did not participate.