CHICAGO AND ERIE RAILROAD COMPANY *v.* STEELE.

[No. 23,062. Filed February 27, 1918. Rehearing denied
May 15, 1918.]

1. DAMAGES.—*Pleading.—Medical Expenses.*—In personal injury
cases, expenses incurred for medical treatment need not be spe-
cially pleaded, at least where the injury is serious, such as the
crushing off of an arm at the shoulder, etc., since the descrip-
tion of such an injury apprises the person liable of the neces-
sity for such services. p. 360.

2. TRIAL.—*Instruction.—Cure of Error.—Presumptions.*—In a
brakeman's action for personal injury, the giving of an in-
struction that plaintiff, if free from contributory negligence,
might recover on proof of one or more of the negligent acts
charged in the complaint as proximately causing the injury,
was not objectionable on the grounds that some of the aver-
ments might have been proved without authorizing recovery,
where the court gave other instructions at the defendant's re-
quest that proof of the averments objected to would not sus-
tain a recovery, since the requested instructions, in effect,
eliminated from the complaint the averments objected to; and
the presumption on appeal is that the verdict rests on evidence
tending to prove the remaining charges of negligence. p. 362.

3. MASTER AND SERVANT.—*Action for Injuries.—Allegation.—*
*Proof.*—In a brakeman's action for personal injury, under
charges of negligence relative to the conduct of employes in
control of the defendant's switch engine, proof was admissible
to show that such employes, without keeping proper watch for
persons or obstructions along the track and without giving
any warning of their movement, backed the engine and tender
over a sidetrack and upon the plaintiff at a time when his
attention was diverted by passing cars and while he was
engaged in performing the duties of his employment. p. 363.

4. MASTER AND SERVANT.—*Railroad Employes.—Crossing Track.*
*—Contributory Negligence.*—The rule requiring a traveler or
other person about to cross a railroad track to look in both
directions and to listen, is not applied in all its strictness to
railroad employes who are required to be on or about such
tracks, and the failure of such employes, while in the dis-
charge of duties, to look and listen for approaching trains
may or may not be negligence under the particular circum-
stances. p. 363.

5. MASTER AND SERVANT. — *Railroad Employes. — Contributory*
*Negligence.*—Railroad employes are required to be watchful
to conserve their own safety, but owe a similar duty to others

whose duties expose them to the same dangers; and all such employes have the right to rely to some extent on the care of each other and to assume that their coemployes will use reasonable care to avoid the injury of others.   p. 363.

6. NEGLIGENCE.—*Contributory Negligence.*—Negligence cannot be imputed to one who has been deceived by appearances calculated to deceive a person of ordinary prudence.   p. 364.

7. TRIAL.—*Instructions.—Cure of Error.—Contributory Negligence.*—In a brakeman's action for injury, an objection to instructions on the ground that they omitted the test of ordinary prudence and authorized the jury to consider whether the circumstances were such as to justify his personal belief that there was no danger, is of no avail, where other instructions precluded a verdict for the plaintiff in case the proof showed that he failed to use due care for his own safety.   p. 364.

8. APPEAL.—*Harmless Error.—Instruction Favoring Appellant.* —An error in an instruction which operates in favor of the appellant need not be expressly considered.   p. 364.

9. MASTER AND SERVANT.—*Employers' Liability Act.—Negligence and Contributory Negligence.—Jury Question.*—In an action under the Employers' Liability Act, Acts 1911 p. 145, §8020a *et seq.* Burns 1914, the issues of negligence and contributory negligence are to be determined by the jury.   pp. 364, 366.

10. APPEAL.—*Review.—Question of Fact.*—Where there is evidence in the record which tends to support the verdict, the inquiry on that issue by the Supreme Court is thereby limited. p. 365.

11. TRIAL.—*Request Covered by Instructions Given.*—There is no error in refusing instructions which are covered by those given. p. 365.

12. APPEAL.—*Rehearing.—Objection Not Presented on Original Hearing.*—An objection presented on rehearing that an instruction given by the court is in conflict with the rule announced in a previous decision, is waived through failure to present the objection in appellant's original brief.   p. 366.

From Allen Circuit Court; *John W. Eggeman,* Judge.

Action by Edward H. Steele against the Chicago and Erie Railroad Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*W. O. Johnson, W. M. Johnson* and *Walter Olds,* for appellant.

*Bowers & Feightner* and *John H. Aiken,* for appellee.

SPENCER, C. J.—This is the second appeal in an action instituted by appellee to recover damages on account of personal injuries sustained by him while in the employ of appellant. *Chicago, etc., R. Co.* v. *Steele* (1915), 183 Ind. 444, 108 N. E. 4. Subsequently to the earlier decision of this court, as above reported, appellee was permitted to amend his complaint and to include therein an allegation that he "has expended or incurred liability for medical, surgical and hospital bills and expenses amounting to $1,000.00 on account of said injury." Appellant moved to strike this allegation from the amended pleading on the ground that items of expense which are occasioned by the treatment of an injury are separate and distinct from the damages accruing to the person injured, and recovery therefor must be sought within two years after the expense is incurred or be barred by the statute of limitations. This contention rests on the false premise that medical expenses incurred in the treatment of personal injuries must always be specially pleaded before a recovery therefor can be sustained. Cases may arise in which the facts stated in the complaint are insufficient to advise the defendant of a probable claim for damages of that character but, as stated in 8 R. C. L. 623, §165, "It

1. is the more reasonable and general rule that in personal injury cases expenses incurred for medical treatment need not be specially pleaded, at least where the injury is serious. The reason of this rule is that the description of such an injury apprises the person liable of the necessity for such services." See, also, *Evansville, etc., R. Co.* v. *Holcomb* (1894), 9 Ind. App. 198, 201, 36 N. E. 39. The complaint on which this action was first tried, in describing appellee's injuries, alleged that his left arm was crushed off at the shoulder, and his body and limbs were badly cut, bruised and mangled, thus causing severe pain and suffering,

and inflicting on him a permanent and lasting injury. Under the rule above announced, it is clear that these allegations, unchanged by the later amendment, would support proof of necessary medical, surgical and hospital expenses incurred in the treatment of such injuries, even in the absence of the subsequent specific demand. The motion to strike out was properly overruled.

The remaining questions presented for review arise out of the action of the circuit court in overruling appellant's motion for a new trial, and require for their proper consideration a brief statement of some of the facts shown by the evidence. At the time of his injury appellee was employed as a railroad brakeman on one of appellant's work trains then operating in and near the city of Rochester. In addition to its main track, which extended east and west through said city, appellant there owned and maintained three sidetracks which were located to the south of, and parallel with, the main track. These sidetracks were connected at their eastern ends by a series of switches, one of which connected sidetrack No. 1 with the main track at a point where the latter intersected a public highway of the city of Rochester. The work train on which appellee was employed had been standing on sidetrack No. 3, and it became necessary to throw the switch connecting track No. 3 and track No. 2 in order that the train might pass out through the several switches to the main track. The conductor in charge of the work crew directed appellee to throw said switch and, as he was proceeding eastwardly along track No. 2 for the purpose of carrying out that order, he was struck from the rear by an engine and tender which were also moving eastwardly over said track in the course of certain switching operations. The engine and tender were running backward at the time and appellee's complaint, after setting out

the above facts, charges that appellant was negligent in failing to station an agent or employe on the rear end of the tender in order to warn persons on the track of approaching danger.   The complaint also alleges that appellant failed to have a fireman on the locomotive which struck and injured appellee; that the employes in charge of said locomotive failed to sound the whistle or ring the bell as they approached the highway crossing; and that appellant failed to keep a switchman or watchman at that crossing.

Instruction No. 2, given to the jury at the request of appellee, recognizes the rule that a complaint may, in one paragraph, charge a defendant with several acts of negligence which contribute to the injury complained of, and then states that: "In actions of this character, it is sufficient to entitle the plaintiff to recover that he prove any one or more of the negligent acts charged, by a preponderance of the evidence, which was the proximate cause of the injury, providing that the evidence shows that the plaintiff was free from contributory negligence in producing the injuries complained of in his complaint."

In objecting to this instruction counsel for appellant direct particular attention to the allegations of negligence which are above set out and insist that some of those averments might have been proved without authorizing a verdict for appellee, and the instruction was therefore erroneous and harmful.   Conceding appellant's contention it is not now available, because of the fact that instructions Nos. 16, 17, 18 and 19, given to the jury at the request of appellant, separately considered each of the charges above referred to and told the jury that proof thereof would be insufficient to sustain a recovery. The effect of these instructions was to eliminate from the complaint the allegations to which appellant objects,

and we must now assume that the verdict rests on evidence which tends to prove other charges of negligence relative to the conduct of the employes in control of appellant's switch engine. Under the latter averments proof was admissible to show that said employes, without keeping proper watch for persons or obstructions along the track and without giving any warning of their movement, backed the engine and tender over track No. 2 and upon appellee at a time when his attention was diverted by passing cars and while he was engaged in performing the duties of his employment. *Pittsburgh, etc., R. Co.* v. *Bennett* (1917), 186 Ind. 672, 116 N. E. 582, 583.

In this connection reference may now be made to a series of instructions given at the request of appellee, which embody an application of the following principles of law to the various issues presented by this case: (1) The rule which exacts of a traveler or other person about to cross a railroad track the precaution to look in both directions and also to listen, in order to ascertain whether a train is approaching, is not applied in all its strictness to railroad employes who are required to be on or about such tracks, and the failure of such an employe, while in the discharge of his duties, to look and listen for approaching trains, may or may not be negligence under the particular circumstances of the case. *Cleveland, etc., R. Co.* v. *Lynn* (1911), 177 Ind. 311, 329, 95 N. E. 577, 98 N. E. 67; *Baltimore, etc., R. Co.* v. *Peterson* (1900), 156 Ind. 364, 373, 59 N. E. 1044. (2) Those who are engaged in the active work of railroad operation, or in any other industry which involves danger to the operatives, are not only required to be watchful and vigilant to conserve their own safety, but owe a similar duty to all others whose duties expose them to the same dangers; and all such employes have a right to rely to some extent

on the care of each other and to assume that each one thus employed will use reasonable care to avoid injuring the others. *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170, 178, 28 N. E. 616, 29 N. E. 775. (3) Negligence cannot be imputed to one who has been

6. deceived by appearances calculated to deceive a person of ordinary prudence. *Chicago, etc., R. Co.* v. *Hedges* (1886), 105 Ind. 398, 406, 7 N. E. 801; *Cleveland, etc., R. Co.* v. *Schneider* (1906), 40 Ind. App. 38, 46, 80 N. E. 985. The instructions in question might have been more concisely stated, but their enunciation of the law is substantially correct, and there is no occasion to discuss appellant's objections thereto in detail.

A further objection is urged against two of the instructions—Nos. 8 and 10—to the effect that they omit the test of ordinary prudence and authorize the

7. jury to consider whether the circumstances in issue were such as to justify a personal belief on the part of appellee that there was no danger. This objection, which is addressed in each instance to an isolated clause in the particular instruction, is without substantial merit, especially in view of numerous other instructions which precluded a verdict for appellee if the proof should establish the fact that he failed to use ordinary care for his own safety.

Instructions Nos. 11 and 12, given at the request of appellee, relate to the doctrine of assumed risks and the former contains an accurate expression of the

8. law as announced in *J. Wooley Coal Co.* v. *Tevault* (1918), *ante* 171, 118 N. E. 921. Instruction No. 12 is inaccurate, but the error oper-

9. ates in appellant's favor and need not be expressly considered. An extended discussion of these instructions and of the sufficiency of the evidence to sustain the verdict would involve a restatement of the

decision in the Tevault case, and we deem that unnecessary. It is enough to note that the present action is founded on the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), under which the issues of negligence and contributory negligence are to be determined by the jury, and that the decision on such issues in this case was guided by instructions which, considered as a whole, state the law with substantial accuracy.

There is evidence in the record which tends to support the verdict, and our inquiry on that issue is thereby limited. For cases involving facts of a similar nature, see *Pittsburgh, etc., R. Co.* v. *Farmers Trust, etc., Co.* (1915), 183 Ind. 287, 108 N. E. 108; *Ohio, etc., R. Co.* v. *Collarn* (1881), 73 Ind. 261, 38 Am. Rep. 134.

Complaint is also made of the refusal to give certain instructions tendered by appellant, but of these Nos. 1, 10, 28 and 32 were incorrect, while Nos. 22, 25 and 33 were covered by other instructions given.

An examination of certain rulings on the admission of evidence, which are of minor importance, discloses no reversible error, and we would not be justified in extending this opinion with a discussion of appellant's objections in detail.

The remaining questions presented for review have, in their substance, been disposed of by our conclusions above stated and need not be further considered. The judgment of the trial court does substantial justice between the parties, and is affirmed.

## ON PETITION FOR REHEARING.

SPENCER, C. J.—In support of its petition for a rehearing appellant earnestly insists that in our original opinion we passed, without deciding, one of the principal

questions presented by the appeal, viz., "Whether or not an employe can be spared from the effects of contributory negligence while conforming to any order of his superior?" It is true that this issue is not expressly treated in the opinion as heretofore rendered, but counsel overlook the fact that some of the questions there under consideration were disposed of, in their substance, through an adoption of the conclusions reached in the case of J. Wooley Coal Co. v. Tevault (1918), ante 171, 118 N. E. 921, decided a few days before. It was there held that the presence of contributory negligence, as the term is properly used, will always defeat an action under the Employers' Liability Act of 1911, but that its existence in a given case is a matter to be determined by the jury as an issue of fact.

The contention is now made that instruction No. 2 given by the trial court on its own motion in this case is in conflict with the rule thus announced in the Tevault opinion, but that objection was waived through a failure to present the same in appellant's original brief. Malott v. State, ex rel. (1902), 158 Ind. 678, 64 N. E. 458; Chicago, etc., R. Co. v. Roth (1915), 59 Ind. App. 161, 168, 107 N. E. 689, 108 N. E. 971. Counsel there said: "Instruction No. 2, given by the court possibly states an abstract principle of the law correctly but it was error to give this instruction for the reason the evidence does not support the contention that the injury to the plaintiff resulted directly from the plaintiff's obedience to the order of the conductor." This objection was deemed unworthy of detailed consideration since the instruction is in the alternative and purports to state the law applicable to a finding either that injury resulted from obedience to an order, or that it was not influenced thereby. Other issues of negli-

gence are present in the case and, as already noted, the verdict appears to rest on proof of such charges.

The remaining questions presented by appellant's petition for a rehearing have again received careful consideration, but we are satisfied with the conclusions reached in the original opinion and see no reason to depart therefrom.

Petition overruled.

NOTE.—Reported in 118 N. E. 824, 119 N. E. 483. Railroad employes, duty in crossing tracks as to looking for approaching trains, 11 Ann. Cas. 211, 26 Cyc 1265. See under (1) 17 C. J. 1018; (6) 29 Cyc 520.