CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY v. PUBLIC SERVICE COMMISSION.

[No. 23,493.   Filed December 19, 1918.   Rehearing denied June 6, 1919.]

1. RAILROADS. — *Construction of Interchange Track.* — *Public Necessity.*—*Sufficiency of Evidence.*—The question whether there is a public necessity for the physical connection between railroad companies for the interchange of freight must be determined in each case in the light of all the facts, and with a just regard to the advantage to be derived by the public

and the expense to be incurred by the carrier; it is not sufficient to show that a mere convenience would result to a few individuals, but it must appear that material and substantial benefit would result to the public from such connection.   p. 337.

2.  RAILROADS.—*Construction of Interchange Track.—Order of Public Service Commission.—Sufficiency of Evidence.*—In an action by a railroad company to set aside an order of the Public Service Commission directing a physical connection of railroads for interchange of freight in carload lots, where no shipper or receiver of freight testified in the trial and there was no evidence to show that any freight in carload lots would be transferred over the proposed interchange tracks, and there was evidence tending to show that the company seeking such connection was actuated in part by a desire to gain an advantage in its contest for business, the showing is insufficient to justify an order for interchange tracks. pp. 337, 339.

3.  RAILROADS. — *Construction of Interchange Tracks. — Public Necessity.*—The law does not contemplate that orders for the construction of interchange tracks between railroad companies shall be made for the purpose of aiding one carrier as against another in its competition for business, nor will such an order be denied because it may afford facilities advantageous to a company interested; the necessities of the public is the test in such cases, though the showing need not be of indispensable public necessity, the test being satisfied where it is shown that the construction of such interchange tracks will be a great convenience to shippers and will add materially to transportation facilities so as to be of substantial benefit to commerce.   p. 339.

4.  APPEAL. — *Bill of Exceptions Containing Evidence. — Sufficiency.*—If a bill of exceptions purporting to contain all the evidence discloses on its face that it does not contain all the evidence given at the trial, then the court on appeal will not consider the evidence for the purpose of determining whether it sustains the finding.   p. 340.

5.  PUBLIC SERVICE COMMISSION.—*Setting Aside Order.—Transcript of Proceedings.—Effect as Evidence.—Bill of Exceptions.* —Under §§69, 70 of the Public Service Commission Act (Acts 1913 p. 167, §10052a *et seq.* Burns 1914), a part of the transcript of the proceedings before the commission which is not put in evidence at the trial of an action to set aside an order, is not a part of the evidence heard at the trial, and should not be embodied in the bill of exceptions containing the evidence to be used on appeal.   p. 341.

From Porter Circuit Court; *H. H. Loring*, Judge.

Action by the Chicago, Indianapolis and Louisville Railway Company against the Public Service Commission. From a judgment for the commission, the plaintiff appeals. *Reversed.*

*Crumpacker Bros., Perry McCart* and *C. C. Hine* for appellant.

*Ele Stansbury,* Attorney-General, *U. S. Lesh, S. H. Tolles* and *F. J. Lewis Meyer,* for appellee.

LAIRY, J.—On application of the Chicago, Lake Shore and South Bend Railway Company, the Public Service Commission made an order directing that a physical connection should be constructed for the transfer of freight in carload lots between the lines of that company and the lines of the Chicago, Indianapolis and Louisville Railway Company at Michigan City, Indiana. The order contemplates the construction of an interchange track connecting the two lines of railroad, and provides that, in case the two companies should be unable to agree on a division of the costs, either company might apply to the commission for an apportionment of the costs. Appellant filed an action against the appellee to have the order set aside and declared null and void. This action was tried in the Porter Circuit Court, and resulted in a judgment in favor of appellee. Appellant assigns as error that the trial court erred in overruling its motion for a new trial, which was based on the grounds that the decision of the trial court was not sustained by the evidence and was contrary to law.

In support of the assignment of error it is asserted by appellant that the location of the proposed connection and its situation with respect to the streets of the city and the existing railroad tracks render the construction of the connecting track unpractical and its operation dangerous. Upon this question there is evidence to sup-

Chicago, etc., R. Co. *v.* Public Service Commission—188 Ind. 334.

port the decision of the court, although there is some conflict.

It is next claimed that the evidence does not show that the physical connection for the interchange of freight will result in any substantial benefit to the public by affording an additional convenience or accommodation to shippers or receivers of freight, or that it will in any way facilitate or improve shipping conditions.    In discussing a similar case, the Supreme Court of Ohio well said:  "The question of public necessity must be determined in each case in the light of all the facts, and with a just regard to the advantage to be derived by the public and the expense to be incurred by the carrier, and upon a consideration of the evidence showing the places and persons interested, the volume of business to be affected, the saving of time and expense to shippers as against the cost and loss to the carrier.  (*Oregon Rd. & Nav. Co.* v. *Fairchild, supra* [224 U. S. 510.])   It is not enough that it be shown that a mere convenience would be furnished to a few individuals by the proposed change, but it must appear that material and substantial public benefit and advantage would result therefrom."   *Akron, etc., R. Co.* v. *Public Util. Comm.* (1917), 96 Ohio 359, 117 N. E. 314; *Wheeling, etc., R. Co.* v. *Public Util. Comm.* (1917), 96 Ohio 370, 117 N. E. 317.

After a full consideration, the court is of the opinion that there is no substantial evidence that there exists any public necessity for the physical connection ordered by the commission.   No shipper or receiver of freight testified in the case, and there is no evidence to show that any freight in carload lots would be transferred from either of the roads to the other over the interchange track contemplated if the same were to be constructed.   It is shown by the evi-

VOL. 188—22

dence that the Chicago, Lake Shore and South Bend Railroad Company receives for its own consumption each year 1,400 or 1,500 carloads of coal, which could be transferred to its tracks by means of the proposed interchange track. This coal comes from some place in the Brazil fields over the Chicago, Indianapolis and Louisville Railway, and in the past the cars have been switched from the tracks of that road to the tracks of the Lake Erie and Western Railroad Company, and from the tracks of that road to those of the Chicago, Lake Shore and South Bend Railroad Company over interchange tracks already in existence. This involves a double switching charge which the Chicago, Lake Shore and South Bend Railroad Company seeks to avoid by securing the contemplated interchange track. The president and general manager of the Chicago, Lake Shore and South Bend Railroad Company, Mr. Wilcoxon, testified that the tracks in Michigan City were already open to the company which he represented, and that all freight in carload lots could move over the lines of such road into Michigan City over its connection with the Lake Erie and Western Railroad Company and its connecting lines, and that the proposed connection, if provided, would afford his company facilities for getting into the Haskel and Barker plant which otherwise it would not have, and also would enable it to abate the double switching charge. The same witness also testified that, if such terminal facilities with Haskel and Barker Company could be secured, his company would obtain a part or all of the line haul on freight destined for Haskel and Barker Company, which otherwise would be carried by the Chicago, Indianapolis and Louisville Railroad Company. It thus appears that the company seeking the connection is actuated, in part at least, by a desire to gain an advantage in its contest for business.

This court has recently decided that the law does not

MAY TERM, 1919. 339

Chicago, etc., R. Co. *v.* Public Service Commission—188 Ind. 334.

contemplate that orders of this kind will be made for the purpose of aiding or assisting one carrier as against another in its competition for business. *Indiana Harbor Belt R. Co.* v. *Public Service Commission* (1918), 187 Ind. 660, 121 N. E. 540. It may be said with equal force that such an order will not be denied because it may have the effect of affording facilities which will be of advantage to one of the companies interested in securing business which otherwise would be handled by another company. Such controversies are wholly foreign to the considerations which control the action of the commission making or denying such orders and of the courts in passing on their validity. The necessities and requirements of the public is the paramount consideration in all such cases. Public necessity is the test; but it does not follow that a physical connection must be indispensable to the public in order to be a public necessity as the expression is here used. When it is shown that such a connection will be a great convenience to shippers and that it will add materially to available transportation facilities so as to be a substantial benefit to commerce, it will be held to satisfy the test. *Lourie Mfg. Co.* v. *Cincinnati, etc., R. Co.* (1916), 42 I. C. C. 448.

The evidence bearing on the benefits to be derived by the public from the establishment of the interchange track contemplated by the order is purely conjectural and speculative in character. The court is of the opinion that it does not satisfy the test, and that the order is not justified by evidence showing a public necessity.

The judgment is reversed with instructions to sustain appellant's motion for a new trial.

ON PETITION FOR REHEARING.

LAIRY, C. J.—On petition for rehearing, appellee complains of the action of this court in basing its opinion on the evidence without discussing a preliminary question presented by the briefs which, if decided in favor of appellee, would have precluded a consideration of the evidence on appeal.

In its brief in answer to the assignment of errors, appellee took the position that the bill of exceptions purporting to contain the evidence discloses on its face that it does not contain all the evidence given at the trial. If appellee were correct in this position, the court could not consider the evidence for the purpose of determining whether or not it sustained the finding. *McMurran* v. *Hannum* (1916), 185 Ind. 326, 113 N. E. 238; *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109 N. E. 47.

The matter thus presented was considered by the court but was not discussed in the opinion, it being assumed that a decision based on the evidence would imply that the preliminary question mentioned had been decided adversely to appellee. It could hardly be assumed that a court would overlook a matter so vital to the decision rendered.

The record shows that a transcript of the evidence taken before the Public Service Commission on the hearing was filed with the clerk of the court in which the action was brought in accordance with the provisions of §69 of the act creating the commission. Acts 1913 p. 167, §10052a *et seq.* Burns 1914. On the trial, parts of the evidence contained in the transcript so filed were offered and admitted in evidence, and the parts so introduced are embodied in the bill of exceptions as a part of the evidence. The transcript as a whole was not offered or read in evidence, and the parts not offered in

evidence are not set out as a part of the evidence in the bill of exceptions.

Appellee takes the position that, in an action brought to set aside an order of the Public Service Commission, the evidence on which the order was based as taken before the board, when filed with the clerk of the court in which the action is brought in accordance with §69, *supra,* becomes a part of the evidence at the trial; and that the court trying the cause is required to consider all of the evidence contained in the transcript so filed even though it is not offered in evidence at the trial. Appellee therefore insists that all the evidence contained in the transcript filed with the clerk should have been embodied in the bill of exceptions as a part of the evidence heard at the trial, and that a bill of exceptions containing only the parts offered and admitted in evidence at the trial is incomplete.

Section 70 of the act cited provides, that: "A transcript copy of the evidence and proceedings, or any specific part thereof, on any investigation taken by the stenographer appointed by the commission, being certified under oath by such stenographer to be a true and correct transcript of all the testimony on the investigation of a particular witness, or of other specific part thereof, carefully prepared by him from his original notes, and to be a correct statement of the evidence and proceedings had on such investigations so purporting to be taken and transcribed, shall be received in evidence with the same effect as if such reporter were present and testified to the effect so certified."

It is apparent from the plain provisions of the act that the purpose of the legislature in requiring the transcript to be filed with the clerk of the court in which the action to set aside the order is pending before the case is reached for trial was to make such transcript

342 SUPREME COURT OF INDIANA,

Chicago, etc., R. Co. *v.* Public Service Commission—188 Ind. 334.

available to either party at the trial, so that the whole or any part of the evidence contained therein might be introduced at the trial if authenticated in such a way as to make it admissible under the provisions of §70, *supra.* There is nothing in the act to indicate that the legislature intended that the mere filing of the transcript with the clerk of the court should have the effect of making the evidence contained therein a part of the evidence at the trial. The position of appellee on this point is untenable.

At the 1913 session of the legislature an act was passed amending §6 of the act creating the railroad commission. This section as amended provides a method of procedure in cases to be brought by any carrier or other party dissatisfied with any final order made by the commission. This section provides that in all actions in the courts of this state authorized by this act the rules of evidence shall be the same as in the trial of civil cases as now provided by law, except as otherwise provided in this act. The act of which this section is a part makes no provision for the filing of any transcript of the proceedings of the commission on which an order is based with the clerk of the court in which an action is filed to suspend or set aside the order.

If the question were presented the court would be required to decide whether the provisions of §§69, 70 and 81 of the Public Utilities Act apply to actions brought under the provisions of §6 of the Railroad Commission Act, as amended. The court does not hold, nor does it intend to intimate by anything said in this opinion, that the sections of the Public Utilities Act providing a method of procedure in actions to set aside orders of the commission regulating public utilities as defined in that act are to be applied to the proceedings brought under the provisions of amending §6 of the Railroad Commission Act. The holding is that any

5.

MAY TERM, 1919.    343

Chicago, etc., R. Co. *v.* Public Service Commission—188 Ind. 334.

part of the transcript of the proceedings before the commission which is not put in evidence at the trial in the ordinary way cannot be considered as a part of the evidence heard at the trial, and should not be embodied in the bill of exceptions containing the evidence to be used on appeal.

Petition denied.

Myers, J., concurs in a separate opinion.

### CONCURRING OPINION.

MYERS, J.—I concur in the majority conclusion that the petition for a rehearing should be denied.

Briefly stated, this was an action by appellant under §6 of the Railroad Commission Act as amended in 1913 (Acts 1913 p. 820, §5536 Burns 1914), against appellee to set aside an order made by appellee in a proceeding begun under §1, cl. L, Acts 1917 p. 118, in force March 1, 1917, before the Public Service Commission by the Chicago, Lake Shore and South Bend Railway Company against appellant. The act under which the present action was begun provides that: "In all actions in the courts of this state authorized by this act, the rules of evidence shall be the same as in the trial of civil cases, as now provided by law, excepting as otherwise provided in this act." The phrase "as otherwise provided in this act" has no application to the question here involved. The original proceedings, as well as the instant case, was brought and proceeded to final judgment in accordance with the Railroad Commission Act as amended and supplemented, and in force March 1, 1917. This latter act has no provision requiring the Public Service Commission to file a certified transcript of the proceedings had before it in actions brought under amended §6 to suspend or set aside an order as is required by §69 of the Public Service Commission Act,

where actions are commenced against the commission under §§78-86 of that act.    Acts 1913 p. 167, §10052a *et seq.* Burns 1914.

Appellee contends that the transcript furnished by the commission under the provisions of §69 of the Public Service Commission Act, *supra,* and filed with the clerk of the Laporte Circuit Court, where this action was originally brought, as a matter of law made it a part of the evidence in this case, and as only part of it is in the record as appears from the bill of exceptions, it necessarily follows that all of the evidence is not in the record, and this court is for that reason precluded from passing upon any question requiring a consideration of the evidence.    The transcript of the evidence included in the bill of exceptions before us concludes with the statement "and this was all the evidence given in said cause," and the trial court certifies to the correctness of the bill.    This bill imports absolute verity.    It cannot be contradicted here except only by such contradiction as affirmatively appears from the bill itself. *Citizens Street R. Co.* v. *Heath* (1899), 154 Ind. 363, 55 N. E. 744; *Hodgin* v. *Hodgin* (1910), 175 Ind. 157, 93 N. E. 849; *Baltimore, etc., R. Co.* v. *Kleespies* (1906), 39 Ind. App. 151, 161, 76 N. E. 1015, 78 N. E. 252; *Whisler* v. *Whisler* (1903), 162 Ind. 136, 67 N. E. 984, 70 N. E. 152.

Appellee insists that the bill of exceptions containing the evidence affirmatively shows that a part of the evidence is omitted therefrom.    Its contention is based upon the following statement in the record.    "Mr. McCart (attorney for appellant) : We have here, your honor, the record before the Public Service Commission of Indiana, which was filed by the Attorney-General of Indiana, and I now offer it in evidence.    The Court: Is there any objection?    Mr. Meyer (attorney for appellee) :    No objection.    Mr. McCart:    I offer in that

record, pages 1 to 5 inclusive, which is a petition by the South Shore for this connecting track." Other pages were designated and offered in evidence, and on conclusion of these offered pages they were read in evidence and ordered by the court that they be admitted in evidence.

It is not contended that the bill of exceptions does not contain all of the evidence offered and read in evidence from the transcript of the original case before the Public Service Commission as well as all testimony or other evidence introduced at the trial of this cause. The fact that other evidence was offered, but not introduced or ordered made a part of the evidence in the cause, does not make it a part of the evidence in the case. This not being an action commenced against the commission under the provisions of §§78-86 of the Public Service Commission Act approved March 4, 1913, nor was the order which is sought to be set aside made under any provision of that act, it follows that §69, supra, has no application, and appellee's contention cannot be sustained, and the petition for a rehearing should be denied.

NOTE.—Reported in 121 N. E. 276, 123 N. E. 465, 466.