## Talge Mahogany Company *v.* Astoria Mahogany Company.

[No. 24,404. Filed October 9, 1923. Rehearing denied December 5, 1924.]

1. APPEAL.—*Decisions Reviewable.—Application for Review of Judgment.*—No appeal lies from a ruling on an application to review a judgment, filed after the time for taking an appeal from the original judgment had expired. pp. 434, 435.

2. APPEAL.—*Right of Review.—Waiver by Asking Review of Judgment.*—A judgment defendant has a choice of remedies, namely: he may appeal within 180 days or file a complaint, within one year, to review the judgment, but the adoption of one of these remedies is a waiver of the other. p. 435.

3. APPEAL.—*Decisions Reviewable.—Judgment on Application to Review.*—Where a complaint to review a judgment is filed before the expiration of the time for taking an appeal, an appeal may be taken from the judgment rendered in the review proceeding, but not when it is filed after the time for appeal has expired. p. 435.

From Marion Superior Court (A19,493) ; *Theophilus J. Moll,* Judge.

Action by the Astoria Mahogany Company against the Talge Mahogany Company. From the ruling on an application by the defendant to review the judgment, it appeals. *Appeal dismissed.*

*Herod & Schortemeier* and *U. C. Stover,* for appellant.

*Caleb S. Denny, George L. Denny, Eugene C. Miller* and *Ralph B. Gregg,* for appellee.

*Ward H. Watson, Sol H. Esarey* and *Charles L. Tindall,* Amici Curiae.

PER CURIAM.—Appellee recovered a judgment for $7,738 against appellant in an action on contract. After the lapse of 195 days without having perfected an appeal, appellant filed its complaint to review the judgment because of alleged errors of law. A demurrer to the complaint was sustained, and appellant reserved an exception, and suffered judgment that it take nothing by its suit to review, and that appellee recover its costs. Appellant seeks to appeal from the latter judgment rendered in its suit to review the former, and has petitioned for a writ of supersedeas.

The right to appeal from the original judgment expired at the end of 180 days. §672 Burns 1914, Acts 1913 p. 65, §2.

Forty years ago, in a case where the claimant against a decedent's estate had failed to perfect his appeal within the time allowed by the special statute regulating appeals in probate matters, and afterward had filed a complaint to review the original judgment, to which the trial court sustained a demurrer, the Supreme Court of Indiana said: "Where, from lapse of time or other cause, a party aggrieved by a judgment of the circuit court can not prosecute an appeal to this court, can he maintain an action for the review of such judgment for alleged errors of law appearing therein in the court where the same was rendered? This question was answered in the negative, and, we think, correctly so, in *Klebar* v. *Town of Corydon*, 80 Ind. 95." *McCurdy* v. *Love, Exrx.* (1884), 97 Ind. 62, 64.

Appeals have been dismissed more than once on the ground that the appellant was not entitled to take an appeal from the original judgment sought to be reviewed, and therefore could not maintain an appeal from the judgment denying his petition to review it.

*Klebar* v. *Town of Corydon* (1881), 80 Ind. 95; *Moody* v. *Irwin* (1914), 181 Ind. 197, 104 N. E. 10.

On the authority of the cases cited, appellant's petition for a supersedeas is denied, and the appeal is dismissed.

## ON PETITION FOR REHEARING.

EWBANK, J.—If appellant believed the original judgment erroneous, it had a choice of remedies; either to file a complaint in the circuit court within one year asking a review by that court of the judgment it had rendered, or to perfect an appeal to the Supreme Court within 180 days. §§646, 672 Burns 1914, §616 R. S. 1881, §2, Acts 1913 p. 65. But the adoption of one of these remedies is a waiver of the right to prosecute the other. *Traders Ins. Co.* v. *Carpenter* (1882), 85 Ind. 350, 351; *Harvey* v. *Fink* (1887), 111 Ind. 249, 255, 12 N. E. 396; *Cohoon* v. *Fisher* (1896), 146 Ind. 583, 584, 44 N. E. 664, 45 N. E. 787, 36 L. R. A. 193; Ewbank's Manual (2d ed.) §111.

Though, where a suit to review is commenced before the expiration of the time allowed for taking an appeal, of course, an appeal may be taken from the judgment rendered in such suit. But appellant made no choice of remedies until after the time allowed for taking an appeal from the original judgment had expired, and then it prosecuted an action to review the judgment in which the circuit court had decided against it. Suffering its original right of appeal to expire before the suit to review was commenced did not affect its right to prosecute in the circuit court within one year an action for that purpose; but does preclude an appeal from the circuit court to this court from the judgment rendered in the latter action.

The petition for a rehearing is overruled.