BROWNE ET AL. *v.* BLOOD ET AL.

[No. 30,182. Filed March 9, 1964. Rehearing denied July 1, 1964.]

*Gerald Hall,* of Princeton, *Carl Gray,* of Petersburg, *Bamberger, Foreman, Oswald & Hahn, Kahn, Dees,*

*Donovan & Kahn, Welborn & Miller,* and *William T. Fitzgerald,* all of Evansville, for appellants.

*McDonald & McDonald, Maurice B. Miller, Warren W. Barnett,* all of Princeton, *Emison & Emison,* of Vincennes, *Steve Bach,* and *Alfred A. Kiltz,* both of Mt. Vernon, appellees.

ACHOR, J.—This is an appeal from a judgment in a statutory action for the review of a judgment, under authority of Acts 1881 (Spec. Sess.), ch. 38, §665, p. 240, being §§2-2604, *et seq.* The judgment in the action, of which appellants sought review, was made by the Gibson Circuit Court, in Cause No. 9927, captioned: "In re: Petition of Stephen A. Blood, Jr. et al., for a Levee in Gibson and Posey Counties, Indiana." Said judgment determined benefits, approved and confirmed assessments, and declared the proposed levee established. The action in that proceeding was brought under the Drains and Levees Act [§27-801, *et seq.*, Burns' 1960 Repl.].

The judgment establishing the levee was entered on September 23, 1959. The complaint for the review of that judgment was filed on December 22, 1959.

Certain of the defendants in the action to review, who are now appellees in this appeal, filed a demurrer to appellant's action to review. The demurrer was sustained. The plaintiffs-appellants refused to plead further and, therefore, judgment was entered for the defendants-appellees on the basis of the pleadings.

The memorandum in support of the demurrer relied upon the single ground that there was a defect of parties to the action. On appeal before this court, the appellees also assert as ground for affirming the judgment of the trial court, or for dismissal of the appeal, that the action to review the orig-

inal judgment was not timely filed. This they may properly do, since the timely filing of an appeal from the judgment establishing the levee was jurisdictional. Under such circumstances, the law governing the time allowed for appeals has been stated by F. W. & H. Ind. Tr. & App. Pract., Vol. I, p. 419, as follows:

"If an action to review for errors of law is not filed until after the time for taking an appeal has expired, the plaintiff in the action to review may not appeal from an adverse decision. Plaintiff may appeal, however, if the action to review was filed within the time for taking an appeal. *American Creosoting Co.* v. *Reddington* (1925), 83 Ind. App. 365, 146 N. E. 761; In re: *Boyer's Guardianship, Rittenour* v. *Hess* (1933), 96 Ind. App. 161, 174 N. E. 714; *Talge Mahogany Co.* v. *Astoria Mahogany Co.* (1924), 195 Ind. 433, 141 N. E. 50, *rehearing denied* 195 Ind. 433, 145 N. E. 495. . . . "

Thus the question which this court must determine is whether the judgment must be affirmed, either (1) because the trial court properly sustained the demurrer in the present action, or (2) because the appellees did not timely file their action for review.

We first consider appellees' contention that appellants' action is fatally defective because of a defect of parties. In this case there were 938 persons to whom benefits were assessed, or for whom damages were awarded in connection with these proceedings. It is not necessary that we decide whether all of these persons were necessary parties to the action for review, and we do not decide this issue since the parties have provided us with no substantial authority with respect thereto. However, it does seem clear that all persons who were petitioners, or who were remonstrators, were necessary parties to the ac-

tion to review and also in the appeal to this court from said action, since substantial costs had been incurred in connection with the establishment of the levee and they were all subject to a judgment for such costs, depending upon the outcome of the case. There was a defect of parties in that all said petitioners and remonstrators were not named in the action. Acts 1881 (Spec. Sess.), ch. 38, §20, p. 240, being §2-219, Burns' 1946 Repl.; 22 I. L. E. Parties, §32, p. 402, §34, p. 407. Admittedly, the record discloses that in the action to review appellants failed to name two of the petitioners in the original proceedings or to substitute any parties in their stead.

We conclude that the demurrer to the complaint was properly sustained because of a defect of parties. §2-219, *supra;* Acts 1911 [as amended], ch. 157, §2, p. 415, being §2-1007, Burns' 1946 Repl.; *Demarest* v. *Holdeman* (1901), 157 Ind. 467, 62 N. E. 17; *Eel River R. Co.* v. *State ex rel.* (1900), 155 Ind. 433, 57 N. E. 388; *Hutcheson* v. *Hanson* (1951), 121 Ind. App. 546, 98 N. E. 2d 688.

Although the decision in this case could be made to rest upon the issue above determined, in order that the further issue raised by the appeal might be resolved, we do also consider whether this court can, with propriety, entertain this appeal by reason of the alleged belated filing of the action to review the original judgment.

As above noted, the primary action in this case involved a statutory proceeding for the establishment of a levee. The statute not only established new and substantial rights with regard to the parties involved, it also prescribed the procedure, and provided certain limitations with regard to appeals from judgments in such proceedings. Therefore, the limita-

tions upon the time prescribed in the statute for taking such appeals, if valid, are controlling as the time limitation specified in the statute for appeals, insofar as such limitation in the special statute is more restrictive than that prescribed in general statutes or the rules of this court. F. W. & H. Ind. Tr. & App. Pract., Vol. II, §2473, p. 196; *State ex rel. Gary* v. *Lake Sup. Ct.* (1947), 225 Ind. 478, 493, 76 N. E. 2d 254; *State ex rel. Mar. C. Pl. Comm.* v. *Mar. S. C. et al.* (1956), 235 Ind. 607, 609, 135 N. E. 2d 516.

Admittedly, the action for review of judgment was not filed within the 30 day period specified in the above statute for the taking of appeals. That portion of the statute which prescribes the procedure, with respect to appeals from judgments of the trial court establishing such levees, is as follows:

" . . . The order of the court approving and confirming the assessments and declaring the proposed work established shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within thirty [30] days, . . .

In the event, however, the petition states that the petitioners accept the applicable provisions of the federal law to obtain federal aid, the order of court approving and confirming the assessments and declaring the proposed work established shall be final and conclusive from which there shall be no appeal, . . . " Acts 1947, ch. 249, §2, p. 1003, being §27-803, at page 685, Burns' 1960 Repl.

However, it is contended that all limitations in the act with regard to appeals are void, and, particularly, that the 30 day period prescribed in the act for the filing of appeals is inoperative for the reason that the act also contains an unconstitutional provision that there shall be no appeals in such proceedings if, as in this case, the petitioners accept the applicable provi-

sions for federal aid. Therefore, it is contended that Rule 2-2 of this court, which permits the filing of appeals within 90 days, is controlling. Specifically, it is contended that the following portion of §27-803, *supra,* of the Levees Act, pertaining to appeals, is unconstitutional, to-wit:

"In the event, however, the petition states that the petitioners accept the applicable provisions of the federal law to obtain federal aid, the order of court approving and confirming the assessments and declaring the proposed work established shall be final and conclusive from which there shall be no appeal, . . . "

We agree that the above quoted provision in the act, which purports to provide that the judgment of the trial court is conclusive and not subject to ■■ appeal, is unconstitutional. *Slentz et al.* v. *City of Fort Wayne et al.* (1954), 233 Ind. 226, 118 N. E. 2d 484; *Indianapolis Life Ins. Co.* v. *Lunquist* (1944), 222 Ind. 359, 53 N. E. 2d 338; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399. However, we do not agree that that portion of the provision of the act which limits appeals to a period of 30 days, is also unconstitutional, merely because the provision above recited is unconstitutional. Where the provisions of an act are severable, so that one provision which is declared unconstitutional can be deleted without destroying the general purpose or effectiveness of the act, the remaining portions will be upheld as valid. *W. A. Barber Grocery Co.* v. *Fleming* (1950), 229 Ind. 140, 96 N. E. 2d 108; *Perry Tp.* v. *Indianapolis Power & Light Co.* (1945), 224 Ind. 59, 64 N. E. 2d 296; *Ettinger* v. *Studevent; Hole* v. *Dice* (1942), 219 Ind. 406, 38 N. E. 2d 1000; 82 C. J. S., §94, p. 161.

In this case, the action for review of judgment was filed 90 days after the judgment establishing the levee; whereas, the statute prescribed the filing of an appeal from such a judgment to 30 days. Under these circumstances, for the reasons heretofore stated, this court will not disturb the judgment of the trial court.

The judgment is, therefore, affirmed.

Landis, C. J., Arterburn and Myers, JJ., concur. Jackson, J., dissents [without opinion].

### ON PETITION FOR REHEARING.

ACHOR, C. J.—Appellants, in support of their petition for rehearing, assert that the opinion as heretofore written is in error in two particulars.

First, although it appears from the record that there was a defect of parties in this appeal, in that, as stated in the opinion, "appellants failed to name two of the petitioners in the original proceedings or to substitute any parties in their stead," appellants seek to explain away this fact by now filing a supplemental "affidavit of the parties."

As noted in the opinion, there were other defects of parties, as a result of which a different ruling on the above issue would not change the result reached in the opinion. However, upon this point, we note that the applicable law to the practice sought to be employed by appellants is well stated as follows:

" . . . It may be said in passing that it must be remembered that in appeals to this court the certified transcript of the record imports upon its face absolute verity, and *statements of parties or their counsel, whether verified or unverified, are not available to dispute the record, or to supply any matter not therein disclosed. . . .*"

[Our emphasis.] *Whisler* v. *Whisler* (1904), 162 Ind. 136, 141, 67 N. E. 984, 70 N. E. 152.

Some of the numerous additional authorities to the same effect are *Kain* v. *State* (1955), 234 Ind. 160, 123 N. E. 2d 177, 125 N. E. 2d 436; *Bayman* v. *Farmers Mutual Fire Ins. Assn.* (1938), 213 Ind. 389, 12 N. E. 2d 945; *Chicago, etc., R. Co.* v. *Public Service Commission* (1919), 188 Ind. 334, 121 N. E. 276, 123 N. E. 465.

In addition, no pleading or brief of appellants heretofore filed has ever raised the question here sought to be raised concerning the fact of or the date of the death of certain of the petitioners. Thus appellants' supplemental "affidavit of the parties" presents new matter not previously considered. A new question cannot first be raised on petition for rehearing. Such questions are considered waived. *Hutchinson's Estate* v. *Arnt, Admx.* (1936), 210 Ind. 509, 1 N. E. 2d 585, 4 N. E. 2d 202; *Chicago, etc., R. Co.* v. *Steele* (1918), 187 Ind. 358, 118 N. E. 824, 119 N. E. 483; *In re Petition of the Pittsburgh, etc., Railway Company* (1897), 147 Ind. 697, 47 N. E. 151.

Secondly, appellants reassert that their action herein, to review a prior judgment, was timely filed since it was filed within 90 days after the judgment in the original action.

Upon this issue some amplification of the original opinion seems justified. The applicable part of the statutory provision, quoted by this court in its original opinion, is as follows:

"... The order of the court approving and confirming the assessments and declaring the proposed work established shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within thirty [30] days, ... " Acts 1947, ch. 249, §2, p. 1003, being §27-803, Burns' 1960 Repl., p. 685.

Supreme Court Rule 2-2 does not enlarge this rule, as argued by appellants, but requires conformity therewith. It provides, in part:

"In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the Clerk of the Supreme Court within 90 days from the date of the judgment or the ruling on the motion for a new trial, *unless the statute under which the appeal or review is taken fixes a shorter time, in which latter event the statute shall control. . . .*" [Our emphasis.]

Appellants quote *Pullin et al.* v. *Arnold et al.* (1954), 234 Ind. 13, 15, 122 N. E. 2d 858, 859, in which this court stated:

"In special statutory proceedings like this, 'the rules of civil practice prevail, *except when it is otherwise provided, or when they are plainly inapplicable.*' " (Cases cited.) [Our emphasis.]

However, the above case supports an opposite position to that of the appellants in this case.

Thus the applicable rule of civil procedure is that, where a special statute expressly provides the procedure to be followed, that procedure shall control. In this case, the requirement is that an appeal from a judgment establishing a levee must be taken within thirty [30] days after the judgment. §27-803, *supra.*

The levee act contains an elaborate detailing of the procedural steps and clearly shows a legislative intention that the matter be handled expeditiously. After a levee petition has been filed and found sufficient, the court *must* refer the petition to commissioners within twenty [20] days after the hearing date. §27-802, Burns' 1960 Repl. If an appeal is to be taken from the preliminary report of the commissioners, it *must* be taken within thirty [30] days, and if no appeal is

taken from the preliminary report, all prior proceedings are conclusive. §27-802, *supra*. After the commissioners have filed their final report, remonstrances to the final report *must* be filed within ten [10] days. §27-803, *supra,* p. 683. And, finally, as heretofore stated, it is provided that:

" . . . The order of the court approving and confirming the assessments and declaring the proposed work established shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within thirty [30] days, . . . " §27-803, *supra.*

Under the above circumstances, it is not reasonable to say that the legislature intended that a motion for new trial might be interposed, which would prolong the 30-day period prescribed for the taking of appeals, but simply failed to mention such intention in the statute above quoted.

Petition for rehearing denied.

Arterburn, Landis and Myers, JJ., concur. Jackson, J., dissents.

NOTE.—Reported in 196 N. E. 2d 745. Rehearing denied 199 N. E. 2d 712.