## CHICAGO, LAKE SHORE AND SOUTH BEND RAILWAY COMPANY v. BICKE.

[No. 11,273. Filed December 20, 1922. Rehearing denied March 14, 1923. Transfer denied April 25, 1923.]

1. STREET RAILROADS.—*Crossing Accidents.—Last Clear Chance Doctrine.— Instructions.— Knowledge of Peril.—* In an action against a street railroad company for injuries in a crossing accident, an instruction purporting to state defendant's liability under the last clear chance doctrine was erroneous, where it omitted the necessary element of knowledge on the part of defendant's motorman of the perilous situation of plaintiff crossing the car tracks in an automobile. p. 578.

2. DAMAGES.—*Evidence as to Damages not Pleaded.—Admissibility.—* In an action for personal injuries, testimony by plaintiff that he had not married, as he had intended before his injury, because of trouble with his lungs after the accident

and the fear that he was "running into tuberculosis," *held* inadmissible, in the absence of allegations in the complaint warranting its introduction. p. 578.

From Marshall Circuit Court; *Reuben R. Carr*, Judge.

Action by Louis C. Bicke, against the Chicago, Lake Shore and South Bend Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*F. J. Lewis Meyer* and *Harley A. Logan*, for appellant.

*Harry B. Tuthill, Walter C. Williams, L. M. Lauer* and *S. M. Stevens*, for appellee.

REMY, J.—Appellant operated an interurban railway from South Bend to Chicago, passing through Michigan City on Baltimore street. Appellee was driving an automobile along Ohio street in said last named city, when an accident occurred by reason of a collision between one of appellant's cars and the automobile at the intersection of Ohio and Baltimore streets, resulting in the destruction of the automobile, and in appellee being personally injured.

Complaint by appellee to recover damages because of the injury to his person, and the destruction of his automobile. The jury returned a verdict for appellee in the sum of $5,000, and in connection therewith answered certain interrogatories. The errors assigned relate: (1) to the overruling of appellant's motion for judgment on the answers of the jury to the interrogatories; and (2) overruling its motion for a new trial.

In view of the conclusion we have reached in relation to the action of the court in overruling the motion for a new trial, it is not necessary to determine the questions presented by the first error assigned.

The court, at the request of appellee, gave to the jury

an instruction on the theory that the doctrine of the last clear chance was applicable. In giving this instruction, the necessary element of knowledge on the part of the motorman of the perilous situation of appellee was omitted. For this reason, the giving of such instruction was error. *Terre Haute, etc., Traction Co.* v. *Stevenson* (1919), 189 Ind. 100, 123 N. E. 785, 126 N. E. 3; *Indianapolis, etc., Traction Co.* v. *Rogers* (1922), *ante* 173, 134 N. E. 669.

Appellee, over objection of appellant, was permitted to testify that prior to the personal injuries complained of he had intentions of being married, but had not married because after the accident he had trouble with his lungs, and was afraid he was "running into tuberculosis." There was no allegation in the complaint warranting the introduction of the evidence.

The motion for a new trial should have been sustained.

The judgment is reversed, with directions to grant a new trial, and for further proceedings consistent with this opinion.