VOCKEL v. RHYNEARSON.

[No. 15,050. Filed October 16, 1935. Rehearing denied January 8, 1936. Transfer denied March 23, 1936.]

*Featherngill & Drybread, Fenton, Steers, Beasley & Klee* and *James C. Jay,* for appellant.

*Henry White, George Staff* and *Seth S. Ward,* for appellee.

KIME, J.—The appellee filed a complaint herein, against the appellant, alleging that he, a pedestrian, had been injured by the negligence of the appellant while driving an automobile on a street in the city of Anderson. The specific acts of negligence charged in the complaint are that the appellant drove his automobile at a high, danger-

ous and unlawful rate of speed at the time while the roadway was wet and during the time it was raining; that he negligently failed to keep a lookout for pedestrians while so driving and that he negligently and unlawfully failed to give any notice or warning of the approach of the automobile. The complaint further alleged that appellee was free from contributory negligence and that as a result of the accident he had a broken left leg, bone broken near the hip, severe nervous shock to the entire nervous system, bruises and contusions about the head, body and limbs and a sprained back. That as a result thereof he had been forced to become a patient in a hospital and suffered great mental and physical pain and forced to give up his regular vocation forever and that he had been permanently injured and would remain a cripple for the rest of his natural life.

To this complaint was filed a general denial, following which the cause was submitted to a jury, which returned a verdict for $3,000.00 in favor of the appellee, together with answers to interrogatories submitted by the appellant. The appellant filed a motion for a new trial and assigns as error here the action of the court in overruling a motion for a new trial and also the overruling of a motion by the appellant for judgment on the answers to the interrogatories.

Under the motion for new trial the appellant properly set forth as reasons why the same should be granted the alleged erroneous ruling of the court on the admission, in evidence, of the answers to two sets of questions, to which he had properly excepted, which questions and answers will be explained in more detail hereafter, and as further grounds that the court erred in giving two instructions, and also that the damages assessed were excessive.

As to the interrogatories it has been said many times that in determining whether the court erred in overruling

a motion for judgment on the answers to interrogatories that this court can look only to the complaint, the answers, the general verdict and proper and relevant interrogatories which elicited material and substantive facts reasonably construed as a whole, and that all reasonable presumptions must be indulged in, in favor of the general verdict, and that nothing can be presumed in favor of the answers to interrogatories.

The interrogatories and answers disclose that the collision occurred about five o'clock in the afternoon of November 20, 1931, on a street in the city of Anderson; that the street was straight for a distance of five hundred feet in both directions from the point of the collision and that the appellee alighted from a parked car at the north curb of said street, from the side of the car next to the sidewalk and walked to the front end of the car and passed the same and stepped down into the street and as he did so looked both ways for approaching cars and that the appellant was driving his car, at the time, at the rate of thirty-five miles per hour; that he did not keep a lookout for pedestrians in the street, as he approached the point of the collision and that he did not see appellee until his car was within two feet of appellee.

The appellant complains of the ruling of the court in refusing to render judgment on the answers to interrogatories basing his main contention particularly on interrogatories 11 and 13, which, with the answers thereto, are as follows:

"If you answer interrogatory No. 10 'Yes,' did plaintiff then step down from the curb to the paved roadway of said street, and immediately look both ways for any approaching automobile?" "Yes." However the answers to the other interrogatories do not show that when the appellee was at this point his view was unobstructed, so the answer to this interrogatory

avails the appellant nothing. "While the plaintiff was crossing Pendleton Avenue, as alleged in his complaint, and when he had reached a point in line with the south side of the parked automobile from which he had alighted, could the plaintiff in the exercise of ordinary care then have seen defendant's automobile approaching?" "Yes." It does not appear from the interrogatories and their answers where the automobile of the appellant was when the appellee reached this point, nor where, in the street, such a point was. Nor does it appear whether appellee, after having seen the approaching car, could have done anything to have avoided the accident. The answers to the interrogatories are not in irreconcilable conflict with the general verdict and consequently there was no error in overruling the motion.

The appellant complains of the admission over objection of certain questions and answers thereto relative to a bill which the physicians submitted for services, to which questions and the answers elicited thereto appellant objected. As shown above, the complaint set out the injury received by the appellee which the allegations charge were rather serious.

The appellant contends that the evidence elicited by these questions and answers was outside the issues and inadmissible in the absence of allegations warranting its introduction and cite *Chicago, etc., R. Co.* v. *Bicke* (1923), 79 Ind. App. 576, 137 N. E. 565, as their only Indiana authority. In that case the party sought to introduce evidence of a situation that developed after the accident to the effect that the injured party was developing tuberculosis and, there having been no allegation in the complaint warranting the introduction of such evidence, it was properly excluded, but that is not the situation here. These expenses or damages are the natural result of the injury and from the seriousness thereof the complaint properly advised the appellant that in such an

injury that such medical attention would be necessary. The complaint was amply sufficient to advise the defendant of damages of this character. *The Evansville and Terre Haute Railroad Company* v. *Holcomb* (1893), 9 Ind. App. 198, 36 N. E. 39; *Indianapolis Traction, etc., Co.* v. *Gillaspy* (1914), 56 Ind. App. 332, 105 N. E. 242; *Muncie Pulp Co.* v. *Keesling* (1905), 166 Ind. 479, 76 N. E. 1002; *Chicago and Erie Railroad Company* v. *Steele* (1918), 187 Ind. 358, 118 N. E. 824, 119 N. E. 483. The court did not err in admitting this evidence.

Another question and answer is as follows:

"I will ask you what your family consisted of prior to this accident?", which question was addressed to the wife of the appellee, who was testifying in his behalf in her examination in chief. The question was objected to and the court overruled the objection and allowed the witness to answer "My ownself and two grandchildren." Following the answer the appellant moved to have it stricken out and says in support thereof that the plaintiff was under no legal obligation to support his grandchildren and again cites the Bicke case, *supra,* among others, as to why this evidence was objectionable. We see nothing harmful in the answer to this question. This did not prejudice the substantial rights of the appellant, and, consequently, is not such error as would necessitate a reversal of this judgment.

Appellant complains of the giving of two instructions which are as follows:

"Instruction No. 12. Gentlemen of the jury, at the time of the accident in question, there was in full force and effect the following statute in the state of Indiana, which reads as follows:

" 'In approaching a pedestrian who is walking or standing upon the traveled part of any highway, and not upon a sidewalk, and upon approaching an intersecting highway or curve or a corner in a highway where the

operator's view is obstructed, every person driving or operating a motor vehicle or motor bicycle shall slow down and give a timely signal with the bell, horn or other device for signaling.'

"If you find that the defendant unlawfully operated his automobile, as alleged in the plaintiff's complaint, at the time and place in question, and further find that the plaintiff was using the roadway in question and that such unlawful act upon the part of the defendant was the sole proximate cause of the plaintiff's alleged injury, then in that event, your verdict should be in favor of the plaintiff."

"Instruction No. 13. The court instructs the jury it was the duty of the defendant driving the machine as he approached the plaintiff, to exercise ordinary care to avoid collision with any person who might be traveling upon the street, and that duty included the duties of keeping a lookout, of giving reasonable and timely warning of the movement of the machine by the usual and customary signals, and to operate his machine at a reasonable rate of speed, so as to have it under such control as that he might, by the exercise of ordinary care, avoid a collision with any person who might be upon the street."

These instructions clearly state the law applicable to the issues and the evidence introduced and the giving of such instructions was not error. *Crotian Brothers Packing Co.* v. *Rice* (1928), 88 Ind. App. 126, 147 N. E. 288.

The court did not err in refusing to grant a new trial because of the excessive damages. The evidence shows that this man suffered serious injuries and there is no indication that the jury was influenced by prejudice, partiality or misunderstanding.

The death of appellee is suggested and the judgment of the Johnson Circuit Court is hereby affirmed, as of date of submission in accordance with §2-3235, Burns 1933, §510, Banks Baldwin 1934.