## SHOWN *v.* TAYLOR

[No. 17,846. Filed November 30, 1949. Rehearing denied January 10, 1950. Transfer denied March 15, 1950.]

*Ortmeyer, Bamberger, Ortmeyer & Foreman,* of Evansville, and *Horace M. Kean,* of Jasper, for appellant.

*Waldschmidt & Waldschmidt; William L. Mitchell,* and *Louis A. Savage,* all of Evansville, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action to recover damages for personal injuries allegedly sustained by the appellee by reason of being struck and run over by an automobile operated by the appellant in a street intersection in the City of Cannelton, Indiana.

Issues were joined on appellee's amended complaint in one paragraph to which the appellant filed an answer in three paragraphs, and to which answer appellee filed a reply to the second and third paragraphs of appellant's answer. One paragraph of the amended complaint alleged that the appellant was guilty of negligence in driving and operating her said automobile at a speed in excess of 35 miles per hour; in failing to slow down and restrict the speed of her motor vehicle; in failing to sound a warning by the use of a horn or other sounding device; in failing to slow the speed of her motor vehicle on approaching the appellee, who was a pedestrian at the intersection, while the appellee was in the plain view of the appellant, who saw, or in the exercise of reasonable care, should have

seen appellee in the process of crossing said intersection; that appellant failed to have her automobile equipped with brakes in good working order; and, that the appellant without sounding any signal or slowing the speed of her vehicle turned the direction of said vehicle into and against the appellee and that appellee suffered serious personal injuries to her damage.

The paragraphs of answer expressly denied the charges of negligence contained in the amended complaint and alleged that the appellee's injuries were caused solely by the carelessness and negligence of appellee and were not the result of any act of the appellant, and that appellee was guilty of contributory negligence by crossing said intersection without taking any precaution for her own safety and that appellee stepped into the path of the automobile operated by appellant while looking in a direction away from and opposite to the direction from which the appellant's car was approaching, and that appellee attempted to cross the street at a place other than a crosswalk or a pedestrian lane and that appellee's negligence proximately contributed to the damages and injuries complained of.

Appellee's reply denied the allegations stated in the paragraphs of answer and alleged that she was crossing the street at the usual pedestrian crosswalk when struck.

The cause was tried to a jury, and the jury returned the verdict for the appellee against the appellant for the sum of $5,000. The appellant filed her motion for a new trial which was overruled and this appeal followed. Error assigned for reversal is that the trial court erred in overruling appellant's motion for a new trial, the grounds of which motion were that the verdict is not sustained by sufficient evidence and is contrary to law; that the damages assessed by the jury are excessive. Further specifications of error are in

the giving and the refusal to give of certain instructions.

From the evidence in the record and the reasonable and legitimate inferences which might be drawn therefrom, the jury could have properly found the following facts:

The appellee had alighted from a school bus at the corner of Adams and Seventh Streets in the City of Cannelton, Indiana. The streets of this city are laid out at an angle, and upon alighting from the school bus, appellee thereupon proceeded in a southwesterly direction along the sidewalk on the northwest side of Adams Street and toward Hutchings Street. Hutchings Street intersects with Adams Street and dead ends at a point approximately 133 feet southwest from the corner of Seventh and Adams Streets. The appellee walked along the sidewalk on Adams Street until she reached a point approximately nineteen feet northeast of the intersecting line of Hutchings Street, and at a private driveway. She started at an angle across Adams Street toward her home. Appellee testified that before proceeding to cross Adams Street she looked in both directions and did not see appellant's car; that when she did see appellant's car approaching, she was in line with the sidewalk on the north side of Hutchings Street. The appellant had turned her car into Seventh Street and proceeded in a southwesterly direction in the same direction appellee was proceeding. As appellant approached the intersection of Hutchings and Adams Streets she turned her car to the left to avoid the appellee and appellee was struck at a point left of the center of Adams Street where the east sidewalk of Hutchings Street, if extended, would cross Adams Street. Appellee was walking in an unmarked crosswalk at the time of the impact, and had been in such crosswalk when she observed the approach of ap-

pellant's car just before being struck. The brakes on appellant's car were defective, and the appellant herself testified that the brake pedal would go clear to the floor before the brakes would take hold. One witness testified the motor of appellant's car was worn out. One witness testified that he saw a car coming toward appellee, and that appellant "was kind of holding like that, like a person will slam on their brakes and holding the steering wheel, but the brakes wouldn't take hold." There was evidence that appellant did not sound her horn as she approached appellee who was in the act of crossing the street in the unmarked crosswalk at the time of the collision. The car of appellant dragged appellee 35 feet after it hit her. As a result of the accident, appellee suffered permanent and crippling injuries including compressed fractures of the vertebrae, requiring the wearing of a brace and causing continual pain, and a knee injury resulting in a loss of extension of one leg.

The appellant contends in the first instance that the trial court committed reversible error in failing to direct a verdict in favor of the appellant at the conclusion of all of the evidence, and in failing to sustain appellant's motion for a new trial, based on the ground that the verdict is not sustained by sufficient evidence and that the verdict is contrary to law. The appellant submits that the appellee was guilty of contributory negligence as a matter of law.

Contributory negligence is ordinarily a question of fact for the jury, and it is only where the controlling facts are not in dispute, and upon which facts reasonable men can reach but one conclusion, that such question becomes one of law for the court. *Cochran* v. *Town of Shirley* (1909), 43 Ind. App. 453, 87 N. E. 993; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1939), 216 Ind. 545, 24 N. E. 2d 284; *North-*

*western Transit, Inc.* v. *Wagner* (1945), 223 Ind. 447, 61 N. E. 2d 591.

We feel, that upon a basis of the evidence shown in the record and recited in this opinion, whether appellee was guilty of contributory negligence was a question of fact for the jury. We feel appellant is in error in contending that the only reasonable inference to be drawn from the evidence was that appellee was not crossing the street within a marked or unmarked crosswalk. There is evidence from which the jury could have properly found that at the time of the impact and shortly before, as appellee testified, since the appellee saw the appellant's car approaching as she was in line with the sidewalk on the north side of Hutchings Street, she was proceeding on the unmarked crosswalk. The jury had the right to believe her testimony. The fact that immediately prior to her proceeding on the crosswalk she had crossed diagonally across the street would not establish as a matter of law that her previous actions, which the appellant now asserts to be contributory negligence, were the proximate cause of the impact. At the time of the collision and shortly before, she was proceeding in the unmarked crosswalk in accordance with the law regulating pedestrians. The contention of appellant that appellee was guilty of contributory negligence as a matter of law is wholly without merit, and the court below did not err in failing to direct a verdict in favor of appellant, and in failing to sustain appellant's motion for a new trial on the grounds that the verdict is not sustained by sufficient evidence and is contrary to law.

Additional error assigned by appellant in her propositions, points, and authorities is that the court erred in refusing to give Instructions Nos. 23 and 24 tendered by appellant which were as follows:

### Instruction No. 23

"The court instructs you that one of the acts of negligence charged in plaintiff's amended complaint upon which the plaintiff seeks to recover damages from the defendant is as follows: 'That the defendant carelessly and negligently failed to slow the speed of her motor vehicle on approaching this plaintiff, a pedestrian at the intersection, although plaintiff was in the plain view of the defendant who saw, or in the exercise of ordinary care should have seen, plaintiff in process of crossing the intersection.' The Court instructs you that no competent evidence has been introduced at the trial of this cause establishing the above quoted act of negligence and therefore your finding upon this issue should be for the defendant."

### Instruction No. 24

"The Court instructs you that one of the acts of negligence charged in plaintiff's amended complaint upon which the plaintiff seeks to recover damages from the defendant is as follows: 'That the defendant negligently and carelessly failed to slow down and restrict the speed of her motor vehicle so as to avoid striking and injuring this plaintiff who was in process of crossing the intersection as aforesaid.' The Court instructs you that no competent evidence has been introduced in the trial of this cause establishing the above quoted act of negligence and therefore your finding upon this issue should be for the defendant."

The basis of appellant's claim of alleged error for refusal to give such instructions is that, as she alleges, the undisputed facts conclusively establish that appellee was not in the process of crossing the intersection, at the time of the accident, and therefore the jury should not have been permitted to consider the issues as to the alleged negligent operation of appellant's automobile based upon the facts she asserts were not established by the evidence.

Since, as we have pointed out, the appellant's theory, that appellee was not crossing the intersection within an unmarked crosswalk is without merit when fairly considered in the light of the evidence which supports appellee's theory of negligence, the court did not err in refusing to give Instructions Nos. 23 and 24 requested by appellant.

Appellant in Specification 12 of her motion for a new trial contends that the trial court erred in giving to the jury Instruction No. 2 requested by appellee, which reads as follows:

"The burden of proof is on the plaintiff to prove, by a fair preponderance of all of the evidence in this cause, the negligence of the defendant, as charged in plaintiff's complaint. The burden of proof is on the defendant to prove, by a fair preponderance of all of the evidence in this cause, the contributory negligence, if any of the plaintiff. In considering these questions, you should consider all of the evidence in the cause introduced by the plaintiff and the defendant, or either of them."

for the reason that said instruction tenders to the jury for its consideration all of the acts of negligence charged in appellee's amended complaint which is in direct conflict with and contradictory of appellant's Instruction No. 25 given by the court withdrawing from the jury's consideration one of said alleged acts of negligence, namely: "That the said defendant drove and operated said automobile at a speed in excess of thirty-five (35) miles per hour," the appellant contends that the jury was erroneously advised that all of the acts of negligence alleged in the complaint presented issues for their determination upon which appellee had the burden of proof, and that appellee's Instruction No. 2, therefore, improperly presented an issue to the jury which was not only withdrawn by another in-

struction, but which appellant contends was wholly unsupported by any evidence.

The appellant was not harmed by the court instructing the jury in appellee's Instruction No. 2 that the burden rested upon appellee to prove the negligence of the appellant as charged in appellee's complaint, and by Instruction No. 25 tendered by appellant withdrawing from the jury one of the acts of negligence charged in the complaint that appellant operated her automobile at a speed in excess of 35 miles per hour. Instruction No. 2 did not tell the jury that the appellee could recover upon sustaining the burden of proof of such act of negligence which had been withdrawn. The court told the jury by its instructions that it was incumbent upon the appellee to prove the allegations of her complaint by a fair preponderance of the evidence. By Instruction No. 25, the court told the jury that one of the acts of negligence charged in the complaint had not been established and withdrew the same from the jury. It does not appear that the jury could have been misled by such instructions, or that the situation before us presents a situation of the class of cases where such Instruction No. 2 would be presumed to be harmful.

Appellant's Specification No. 13 of her motion for a new trial claims error in the giving to the jury of Instruction No. 5 tendered by appellee for the reason that appellant contends that it erroneously advises the jury that if they should find that the appellant in the operation of her automobile failed to sound a warning of the approach thereof, as required by statute, then such failure would constitute negligence per se, and that the statutory duty to give warning by sounding a horn is limited to the situation where it is necessary to apprise a pedestrian of the approach of a motor vehicle.

This instruction given by the court reads as follows:

"You are instructed that, at the time of the accident here involved, there was in force and effect in the State of Indiana, a statute providing that every driver of a motor vehicle shall exercise due care to avoid colliding with any pedestrian upon a roadway and shall give warning, by sounding the horn, when necessary to apprise such pedestrian of the approach of such motor vehicle.

"If you find from a fair preponderance of all of the evidence in this cause that the defendant in the operation of her motor vehicle as she approached the plaintiff on the highway which plaintiff was crossing failed to sound a warning of the approach of her motor vehicle, as required by statute, then you are instructed that the failure, if such failure you find, of the defendant to observe the requirements of said statute, constitutes negligence per se, which, if it proximately caused plaintiff's injuries, if any you find, would render the defendant liable to plaintiff, unless you further find, from all of the evidence in this cause, that plaintiff was contributorily negligent."

The court has correctly stated the requirement of the statute in such instruction, and whether or not there was a necessity for the appellant to have sounded her horn and whether or not appellant was negligent with respect thereto, considered in the light of the evidence in this case, were matters which were within the province of the jury to determine, and this instruction was proper as given.

Appellant's Specification No. 14 of her motion for a new trial is that the court erred in giving to the jury Instruction No. 6 tendered by the appellee, which appellant claims incorrectly states the requirements of § 47-2201, Burns' 1940 Replacement, which provides that it is a misdemeanor for any person to drive a motor vehicle on any highway which is in an unsafe condition so as to endanger any person or

which is improperly equipped, under the statute regulating highway traffic, and that the instruction authorizes the jury to consider matters wholly outside of the issues presented upon the pleadings in the cause inasmuch as there are no charges in the amended complaint that any equipment on the appellant's automobile was defective other than the brakes.

This instruction given by the court reads as follows:

"You are instructed that, at the time of the accident here involved, there was in force and effect in the State of Indiana a statute providing that no person shall drive or move on any highway any motor vehicle, unless the equipment upon said vehicle is in good working order and adjustment as required by the law of the State of Indiana, and said vehicle is in such safe mechanical condition as not to endanger any person upon the highway.

"You are further instructed that by statute in Indiana which was in full force and effect when the accident complained of in this action occurred, every motor vehicle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, and that all brakes shall be maintained in good working order.

"You are instructed that a violation of these statutes operates as negligence per se, and if you find from a fair preponderance of all of the evidence in this cause that the defendant did not maintain brakes on her automobile in good working order, then you are instructed that the defendant was guilty of negligence, which, if you further find that it proximately caused the injuries to plaintiff would render the defendant liable to plaintiff, if you further find, from all of the evidence in this cause that plaintiff was not guilty of contributory negligence."

This instruction fairly considered properly tells the jury of the requirements of the statutes, and instructs

them properly that if they found that the defendant did not maintain brakes on her automobile in good working order, that she was guilty of negligence. The court did not err in giving this instruction.

The appellant asserts error by the trial court in the giving of Instruction No. 7 tendered by appellee. This instruction reads as follows:

"If you find for the plaintiff you will be required to determine the amount of her damages. On this subject the court instructs you that, in estimating the damages, you may consider her bodily pain and suffering, if any, occasioned by her injury; and in the event you find that the plaintiff has not yet recovered from her alleged injuries, or that by such injuries, if any, you find, she had to any extent been permanently disabled, then you should take such facts also into consideration in determining her damages, to which you may add such amount as you, in the exercise of a sound discretion, may believe will be just compensation for her loss of earnings, if any you find, and medical, hospital and other expenses relating to the treatment of her injuries, paid by plaintiff or charged to her account, if any you find, and which are fairly and reasonably the plain and direct consequences of the injuries if any you find, complained of by plaintiff, not to exceed the amount demanded by plaintiff in her amended complaint, to-wit: Twenty-five Thousand Dollars ($25,-000.00)"

The appellant contends that there were no averments in appellee's amended complaint showing any special damages were sustained by appellee on account of loss of time, and that there were no averments in said complaint showing special damages were sustained by appellee for medical, hospital, or other expenses on account of the injuries, and that the giving of such instruction constituted reversible error because it was beyond the issues presented by the pleadings.

Appellee's amended complaint alleges that her injuries were serious and permanent in character and that they have resulted in such a loss of use of appellee's body as to result in total disability. The complaint also alleges that at the time appellee was injured she was returning to her home after completing her work for the day as a school teacher.

It is settled that in personal injury cases expenses incurred for medical services need not be specially pleaded, where the injuries are alleged to be serious. The basis for such rule is that the description of such an injury apprises the person liable of the necessity for such services. *Chicago & E. R. Co.* v. *Steele* (1918), 187 Ind. 358, 118 N. E. 824; *Vockel* v. *Rhynearson* (1935), 101 Ind. App. 637, 197 N. E. 705; *King* v. *Ransburg* (1942), 111 Ind. App. 523, 39 N. E. 2d 822, 40 N. E. 2d 999; *Indianapolis Traction & Terminal Co.* v. *Gillaspy* (1914), 56 Ind. App. 332, 105 N. E. 242; *Chicago, S. B. & N. I. R. Co.* v. *Roth* (1915), 59 Ind. App. 161, 107 N. E. 689; *Jackson* v. *Rutledge* (1919), 188 Ind. 415, 122 N. E. 579; *Evansville & T. H. R. Co.* v. *Holcomb* (1894), 9 Ind. App. 198, 36 N. E. 39; *D. W. Tietjen et al.* v. *F. G. Dobson et al.* (1930), 170 Ga. 123, 152 S. E. 222, 69 A. L. R. 1408; 53 Am. Jur., p. 454, § 576; 17 Corpus Juris, p. 1018; 25 Corpus Juris Secundum, p. 776.

The allegations of the nature of the injuries and the employment of appellee as a school teacher where there was no motion to make the complaint more specific, were sufficient to apprise the appellant of appellee's claim for the expenses in question and her claim for loss of earnings. From the general allegations of the complaint medical expenses and loss of earnings were clearly germane to appellee's complaint and cause of action. Burns' 1946 Replacement, § 2-1005; *Pittsburgh, C. C. & St. L. R. Co.* v. *Warrum*

(1907), 42 Ind. App. 179, 82 N. E. 934; *H. H. Woodsmall, Inc.* v. *Steele* (1923), 82 Ind. App. 58, 141 N. E. 246, 144 N. E. 620; *Van Drake* v. *Thomas* (1942), 110 Ind. App. 586, 38 N. E. 2d 878; *D. W. Tietjen et al.* v. *F. G. Dobson, et al., supra.*

The amended complaint of appellee was sufficient to apprise the appellant of the claims for damages which were set forth in the instruction complained of. The giving of such instruction by the trial court was not reversible error.

After a careful consideration of this appeal, we are convinced that this cause was fairly tried and a just result reached.

Judgment affirmed.

NOTE.—Reported in 88 N. E. 2d 783.