122 Ind. App. 395 (1952)
103 N.E.2d 460
CHICAGO AND CALUMET DISTRICT TRANSIT COMPANY, INC.
v.
VIDINGHOFF.
No. 18,197.
Court of Appeals of Indiana.
Filed February 7, 1952.
Rehearing denied March 19, 1952.
Transfer denied May 13, 1952.
*396 Owen W. Crumpacker and Crumpacker & Friedrich, both of Hammond; John K. Ruckelshaus, John C. O'Connor and Ruckelshaus, Reilly, Rhetts & O'Connor, all of Indianapolis, for appellant.
Galvin, Galvin & Leeney, of Hammond, for appellee.
ROYSE, J.
Appellee brought this action against appellant for damages for personal injuries arising out of an accident when she was struck by a bus operated by appellant in the City of Hammond. The material allegations *397 of negligence upon which the cause was submitted to the jury were:
"In failing to maintain a lookout in front of and in the path traveled by the bus which struck this plaintiff,"
"In failing to sound a horn or give any other warning of the approach of the bus which struck this plaintiff,"
"In failing to bring the bus which struck this plaintiff to a stop before the same came into contact with plaintiff's body."
Trial to a jury resulted in a verdict for $25,000 in favor of appellee. Judgment accordingly.
The error assigned here is the overruling of appellant's motion for a new trial. The specifications of that motion are, that the verdict is not sustained by sufficient evidence; is contrary to law; error of law occurring at the trial in that the court denied the motion of appellant for a directed verdict at the conclusion of all the evidence; and misconduct of the prevailing party through her counsel.
The first three specifications present substantially the same question and require a consideration of the evidence. While there was a sharp conflict in the evidence, under the well settled rule we proceed to a consideration of the facts most favorable to appellee.
In the city of Hammond, State Street runs in a generally easterly and westerly direction. It is intersected by Oakley Avenue which runs in a general northerly and southerly direction. State Street is approximately 40 feet wide from curb to curb west of Oakley Avenue, and is 58 1/2 feet wide east of Oakley Avenue. The offset is on the south side of State Street. There is a diagonal cross walk running in a southeasterly direction *398 from the southwest corner to the southeast corner. This intersection is in the business district of Hammond. There is an automatic traffic signal on the northeast and southwest corners of this intersection. At a point approximately ten feet east of the intersection there is a loading zone which runs 77.7 feet east on the south side of State Street where passengers board and depart from buses of appellant. No parking is permitted in this zone. It will accommodate two buses of the size used and operated by appellant. Four bus routes used this zone. At the time hereinafter referred to there were a number of people waiting in this zone.
Shortly after 5 P.M. on the evening of September 16, 1947 the appellee who worked for the Minas Department Store, which is located about a half block west of Oakley Avenue on State Street, left her place of employment and proceeded east on State Street across the aforementioned intersection. It was a bright clear day. As she reached the southeast corner of the intersection she observed her bus quite a ways east of her parked at the east end of the loading zone. It was parked some distance north of the curb. She then walked to the curb to a point about midway between the west and east ends of this zone. She looked up and down to see if anything was coming. Everything was still. She stepped from the curb into the street and walked east toward the bus. She had walked only a few feet when she was struck in the back by one of appellant's buses which was entering the loading zone from the west. The bus which struck her had stopped for the traffic signal at the west end of the intersection. When the signal turned green the bus proceeded slowly through the intersection at an angle toward the loading zone. The bus stopped in a space of inches after it struck her. The driver of the bus said he did not know whether he sounded his horn. *399 There was other evidence that he did not sound his horn and several witnesses said they did not hear it. There was evidence that after the impact appellee fell in front of the right front wheel of the bus. The driver of the bus said he saw appellee when she was in the cross walk. He said his attention was drawn to her because she was running in the cross walk. He did not see her reach the corner but did see her again about fifteen feet east of the intersection, at which time she was about two or three feet north of the south curb going northeast. He further said she was about three or four feet southeast of the most easterly part of his bus. At this time he said his bus was moving at a speed of one to two miles per hour. It is undisputed that appellee was seriously and permanently injured.
Appellant first contends upon this record there is no substantial evidence of probative value to sustain either of the charges of negligence submitted to the jury. Second, it states appellee was guilty of contributory negligence as a matter of law because she stepped off of the sidewalk into the street.
Upon the facts hereinbefore set out we believe reasonable men might have differed as to whether the failure of appellant to sound his horn or give other warning of the approach of its bus toward appellee, whose back was to said bus, was negligent. The same is true of the failure to bring the bus to a stop. It is to be remembered the bus driver testified after he crossed the intersection he was driving with his foot on the brake and could bring the bus to a stop in less than a foot. In fact he did just this after the accident. Appellee said when she stepped into the street everything was still. After the driver had cleared the intersection and immediately before the accident the bus driver saw her moving northeastward and she was *400 then about four feet southeast of the most easterly or front part of the bus, that is, her back was toward the approaching bus.
Appellant further contends under the record herein appellee was guilty of contributory negligence as a matter of law. It asserts it is shown by the evidence she violated the provisions of § 47-2035 (b), Burns' 1940 Replacement (1951 Supp.), which provides as follows:
"Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway."
Appellee contends this subsection is not applicable to this case because there was no contention the accident occurred at a cross walk. She asserts the case was not tried on this theory and in the trial it was the contention of appellant that she darted suddenly from the sidewalk into the side of the bus. She significantly points out that no instruction on this subject was tendered or requested by appellant.
Conceding without deciding that appellee, by stepping into the street, violated the provisions of the statute and she was prima faciely guilty of contributory negligence, the record herein does not lead inescapably to the conclusion that such conduct on her part was the proximate cause of her injury. In our opinion the question of whether appellee was guilty of contributory negligence which was the proximate cause of her injury was properly submitted to the jury. They decided against appellant's contention and we may not disturb their verdict. Shown v. Taylor (1950), 120 Ind. App. 154, 160, 88 N.E.2d 783 (Transfer denied). Therefore, we hold there was sufficient evidence to sustain the verdict of the jury, it was not contrary to law, *401 and the court did not err in refusing to direct a verdict for appellant at the close of all the evidence.
Appellant next contends it was prejudiced by the misconduct of appellee's counsel during the course of the trial. Appellant asked the court to instruct the jury to disregard the alleged misconduct. The trial court sustained this motion and did instruct the jury to disregard such conduct. Appellant did not then move the court to withdraw submission of the cause from the jury. Therefore, no question is presented here on that matter. Gamble v. Lewis (1949), 227 Ind. 455, 466, 467, 85 N.E.2d 629, and authorities there cited.
Finally there is no merit, and appellant has so conceded in the oral argument of this case, to its supplemental motion for a new trial.
Judgment affirmed.
Crumpacker, J., not participating.
Achor, J., dissents with opinion.
NOTE.  Reported in 103 N.E.2d 460.

ON PETITION FOR REHEARING
ROYSE, J.
In its petition for rehearing appellant contends we erred in holding the evidence herein was sufficient to sustain the verdict.
In support of this contention appellant correctly states the question of fact as to whether the driver had time to do anything other than he did must rest on the evidence in the record and it then asserts: "The only evidence as to the time that appellee was in the street after leaving the curb was offered by appellee's witnesses." It then purports to quote this evidence as follows: "Q. How long did it take her to leave the curb and travel that distance? A. I should judge about *402 a second." This is not a true statement of the record and briefs in this case. First, the quoted evidence was not from appellee's witness but from a witness for appellant; second, it was not the only evidence on the subject. The record discloses appellee testified the accident did not happen as she stepped into the street  but that after she started walking in the street toward the bus the accident happened a little while after she stepped from the curb. Another witness for appellee testified appellee walked almost the full width of the bus and in front of the bus that struck her. Finally, as pointed out in the original opinion and as shown by appellant's original brief, the driver of the appellant's bus testified when he saw appellee the second time she was "about fifteen feet east of the intersection, at which time she was about two or three feet north of the south curb going northeast, she was about three or four feet southeast of the most easterly part of his bus." He was traveling at a speed of one to two miles per hour with his foot on the brake and could stop in a matter of inches.
In its petition for rehearing appellant acknowledges the rule that this court may only consider the evidence most favorable to appellee  but then proceeds to rely on evidence favorable to it to obtain a rehearing and reversal.
We believe there is ample substantial evidence of probative value set out in our original opinion to sustain the verdict.
Petition for rehearing denied.
Crumpacker, J., not participating.
Achor, J., dissents.
NOTE.  Opinion on Petition for Rehearing reported in 104 N.E.2d 405.

*403 DISSENTING OPINION
ACHOR, J.
The statement in the majority opinion of the court as to the pleadings and physical facts surrounding the place of the accident is correct. However, I do not concur with the majority opinion as to the evidence regarding the conduct of the parties, nor the legal consequences of their conduct.
All the acts of negligence charged in plaintiff's complaint must, of necessity, be predicated upon a fact that appellant's bus driver saw, or in the exercise of reasonable care should have seen, the appellee in sufficient time to have (1) sounded his horn, or (2) stopped the bus and thus avoided the collision.
According to the uncontradicted evidence of numerous witnesses, the collision occurred from two to four feet in the street north of the curb. All the witnesses, except one, testified that at this point appellee "stepped," "hurried," "ran" two or three steps north or northeast off the curb "in the vicinity of the fruit store or shoe store" (which were toward the west end of the loading zone).
It is contended that from this point appellant then walked to a point about midway between the west and east ends of the loading zone, where she was struck from the rear. There is no direct evidence to this effect, and I can find no evidence upon which reasonable men could support such an inference.
According to the uncontradicted evidence, after being struck appellee fell in the street near the bus at a point between the fruit store and the shoe store. All the witnesses, except appellee and a Genevieve DeCamp, testified that the collision occurred at that point immediately after she took two or three "hurried" steps from the curb, directly into the path of the bus.
*404 The testimony of neither the appellee herself, nor of Genevieve DeCamp supports the contention that appellee was walking in the street away from appellant's bus for a sufficient period of time for the driver to have seen her and stopped the bus. The testimony of appellee in this regard is as follows:
"Q. Do you have any idea how long you were out in the street before you were struck?"
"A. No, I haven't."
"Q. Do you know whether it was a matter of seconds or minutes?"
"A. No."
"Q. You haven't any idea how far you had walked, either in the street or east on the street?"
"A. No."
The allegation of appellant's own complaint on this point is "That after the plaintiff had proceeded approximately two feet into the street she was struck."
Neither does the confused testimony of Genevieve DeCamp support the above contention, except that appellee was struck in the back. Her testimony as to location and events of the collision is as follows:
"We were probably just about in the middle of the loading zone, standing on the sidewalk near the curb. There is a shoe store there and a fruit stand, on the corner. We were standing just about the area between the shoe store and the fruit mart (which was toward the west part of the loading zone). She (appellee) seemed to be walking toward the south... she took two or three steps."
Appellant's contention that appellee walked eastward in the street a considerable distance and that while so walking appellant's bus ran her down and struck her in the back presumably rests on the testimony of the witness DeCamp. However, her testimony in fact contradicts *405 such a contention. Her testimony was that when appellee turned her back on the bus "almost at that particular instant ... she turned and started walking east ... and as she did that the bus knocked her down." There is no other evidence that appellee had her back toward the bus at any time or for any other period of time.
It is further contended that the testimony of appellant's own bus driver is evidence of negligence; that the driver stated on the one hand that the bus was traveling one or two miles an hour and could stop in less than a foot; that nevertheless, after he saw the appellee in the street going northeast two or three feet from the curb and four or five feet from the most easterly part of the bus, he did not stop the bus in time to avoid hitting her. The fallacy of such a contention seems apparent. It is a matter of common knowledge that response to normal reflexes are not instantaneous and that the bus could reasonably be expected to travel the distance of approximately four feet before the brake could be applied and the bus stopped in less than a foot thereafter. It occurs to me that the contention is wholly without foundation. I find no evidence of probative value before the jury to support the burden of proving the negligence alleged.
It is contended by appellant that under the record herein appellee was guilty of contributory negligence as a matter of law; that appellee violated the provisions of § 47-2035 (b), Burns' 1940 Replacement (1951 Supp.), which provides as follows:
"Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway."
Appellee argues: (1) The case was not tried below on the theory of the statute; (2) the statute is not *406 applicable to the facts, and (3) even though applicable, appellant's alleged negligence was the sole proximate cause of the injury, and appellee's violation did not contribute.
First of all, the statute is not a theory but a law applicable to the facts in issue. The theory of the complaint is negligence. That is the only theory upon which the case was tried. Appellant's answer put in issue the alleged negligence of its driver and the contributory negligence of appellee. It was not necessary to plead the statute. The court takes judicial notice of that. The facts pleaded in the complaint and answer show that appellee walked or ran into the street from an adjacent sidewalk in downtown Hammond, and was in the street at a point other than an intersection or crosswalk at the time of the accident. The motion for a directed verdict, which necessarily preceded the tendering of instructions, presented an issue of law on the sufficiency of the evidence and contributory negligence under all applicable law, both common law and statutory. This was assigned as one of the grounds for new trial.
Upon the issue of contributory negligence, appellee contends that the above statute is not within the class of statutes creating negligence per se. No authority is cited supporting appellee's contention. Clearly the statute was enacted to provide for the safe and orderly use of streets so as to protect not only pedestrians but the operators of vehicles as well. The purpose and character of the act seems to make it analogous to § 47-2033 (a), Burns' 1940 Replacement, which has been considered as establishing negligence per se on the part of a pedestrian who crosses a street other than at established places of crossing. See Vogel v. Ridens (1942), 112 Ind. App. 493, 44 N.E.2d 238.
*407 Secondly, the statute seems plainly applicable to the facts. All the witnesses testified that appellee "walked" two or three steps in the street and started walking east toward her bus. Clearly under all the evidence appellee was walking "where sidewalks are provided, along and upon an adjacent roadway," as expressly prohibited by the statute. Such a violation of the use of the roadway is negligence per se, unless Excusable (1) because of circumstances resulting from causes or things beyond her control and in no way produced by her own negligence, or (2) that her conduct came within an excuse or exception specifically provided in the statute itself. As stated in the recent case of Larkins v. Kohlmeyer (1951), 229 Ind. 391, 400, 98 N.E.2d 896, the law on the subject of negligence per se was stated by the Honorable Floyd S. Draper of the Indiana Supreme Court as follows:
"Thus it may be said that where one has violated the provisions of a statute or ordinance in the operation of an automobile on a public highway, he is guilty of negligence as a matter of law unless the evidence discloses that compliance was impossible or non-compliance was excusable because of circumstances resulting from causes or things beyond his control, and in no way produced by his own negligence, or his conduct comes within an excuse or exception specifically provided in the statute itself ..."
Appellee argues as excuse for non-compliance that appellee was walking in the street within a loading zone with the "intention" of boarding a public bus. Appellee was not boarding a bus at the time she entered the street and was struck. Her own testimony is: "I saw the bus at the far end of the loading zone ... I know it was quite a ways down. It was quite a ways east of me.... I then stepped into the street in the vicinity of the *408 fruit store or shoe store and started walking toward the bus." If appellee had been in the act of boarding a bus in a loading zone at the time she was struck, the circumstance would have presented a question of fact to be considered by the jury as an "excuse" for the violation of the statute. We do not have that factual situation before us. There being no evidence of an excuse for non-compliance, there was no question before the jury on this issue to be determined and appellee must be considered to have failed to overcome the presumption of contributory negligence imposed upon her by the statute.
On the subject of contributory negligence, it is further contended by appellee that the issue of proximate cause was a question for the jury to determine and that it must be considered under the verdict of the jury that the jury found for the appellee and against the appellant on this issue. Appellant has cited the case of Shown v. Taylor (1950), 120 Ind. App. 154, 160, 88 N.E.2d 783, wherein it is said:
"Contributory negligence is ordinarily a question of fact for the jury, and it is only where the controlling facts are not in dispute, and upon which facts reasonable men can reach but one conclusion, that such question becomes one of law for the court."
Appellee has also cited the case of Vogel v. Ridens, supra, as supporting the above contention. In this case the court stated:
"Assuming, without deciding, that appellee was crossing the street under circumstances which required him to yield the right of way to vehicles, as contemplated by the statute referred to, yet there is evidence positively disclosing that appellant was operating his automobile at an excessive rate of speed in violation of law, and hence the question *409 of which negligent violation of law, if either, was the proximate cause of the injury would be for the jury to determine. In such case, both parties would be guilty of negligence per se, but the liability therefor depends upon whether the negligence of either or both proximately contributed to the injuries sustained. Contributory negligence such as defeats recovery must be such as proximately contributes to the injury complained of. Davis v. Dondanville (1940), 107 Ind. App. 665, 26 N.E.2d 568; Cousins v. Glassburn (1940), 216 Ind. 431, 24 N.E.2d 1013. The pedestrian statute referred to cannot be said to create such a right of way in a motorist over a pedestrian in all cases as to operate to relieve him from liability where his negligent operation of his automobile is the sole proximate cause of an injury to a pedestrian. It is also to be observed that appellee had a right to assume that appellant would use ordinary care to avoid injuring him. Tonges v. Walter (1941), 109 Ind. App. 41, 32 N.E.2d 95; Pfisterer v. Key (1941), 218 Ind. 521, 33 N.E.2d 330. Under the state of the record before us, the question of negligence and contributory negligence, if any, which proximately contributed to the injuries of appellee was properly submitted to the jury to determine from the conflicting evidence as to speed and distances involved. The jury, by its verdict, found in effect that appellant's negligence was the proximate cause of the injuries, and that appellee's negligence, if any, did not contribute thereto. It is our opinion that the facts disclosed are such that different conclusions might be drawn by prudent persons as to the cause of the injuries, and hence the question of proximate cause was for the jury to determine. Continental Casualty Co. v. Lloyd (1905), 165 Ind. 52, 73 N.E. 824; Vandalia R. Co. v. Kendall (1918), 68 Ind. App. 1, 119 N.E. 816. The jury having decided that issue against appellant, its conclusion cannot be disturbed. Kloplovitz v. Jensen (1926), 197 Ind. 475, 151 N.E. 390."
There is a marked contrast in the facts in the above cited case and the facts in the case at bar. In the above case a pedestrian crossed the street in the center *410 of the block and was considered by the court as being guilty of negligence per se. The driver of the car was driving at a speed of 60 miles an hour in a hospital zone in the city of Evansville and was also treated as guilty of negligence per se. The pedestrian had crossed to within one or two feet of the opposite curb when he was struck. The court in effect held that, under the above facts, the jury may have properly considered that the negligence of the driver was the sole proximate cause of the injury.
In the case at bar there was no evidence of speed or any other conduct on the part of appellant's bus driver which could have caused the appellee to have misjudged her position of peril or to have been the sole proximate cause of her injury.
I find no evidence in the record upon which to support an excuse for appellee's violation of the statute. Nor do I find any evidence upon which the jury might consider that negligence of the bus driver was the sole proximate cause of the injury. In my opinion, therefore, the appellee is guilty of negligence per se, unexcused, and that, therefore, the judgment in the case should be reversed and a new trial ordered.
NOTE.  Reported in 103 N.E.2d 460.